MARY CHAMPNEY *vs.* DAVID COOPE, executor, &c. and others.

Payment of a bond and mortgage extinguishes it. If the payment be of the whole amount secured by the instrument, it extinguishes the same altogether; if of only a part, it extinguishes it *pro tanto.*

There is no exception to this rule, as between the debtor and the creditor, although the security may sometimes, for equitable purposes, be kept alive as between the principal debtor and his surety, where the payment has been made by the latter.

Whether a sum of money received by the creditor, upon the bond and mortgage, amounts to a payment, depends, ordinarily, upon the intent of the party paying or advancing the same.

If intended and declared to apply on the instrument, at the time, and so received, at the time, in total or partial satisfaction thereof, it has that effect; and no subsequent change of intent by the debtor can retroact, or renew the security, without the consent of the parties interested, and without prejudice to third persons.

Where a mortgage is executed by A. for the benefit of B., the latter is the real debtor, and a payment made by him is equivalent, in its effect upon the bond and mortgage, to a payment by A. It will be deemed a payment for the benefit of A. and by his direction; and as far as it goes, is an extinguishment of the mortgage.

Under such circumstances, the death of A. will terminate whatever agency there may be in B. It will not be presumed that after that event B. had any authority from A. to negotiate the mortgage, or to make any representations as to the validity and sufficiency thereof, which will bind or estop A.

Nor will the fact that B. is the executor of A.'s will, give him authority to make such representations; it not being an act for the benefit of the estate.

Where the plaintiff took from B. a bond and mortgage thus made by A. for B.'s benefit, with an assignment thereof executed by the mortgagee, in part payment of a precedent debt; with knowledge that the bond and mortgage were long overdue; that A., the mortgager, was dead; that B., as executor of A., had no power to mortgage; that he was embarrassed in his circumstances, and was endeavoring to secure the plaintiff's debt by means of securities which he did not own, and the very possession of which, by him, was some evidence that they were paid; it was *held* that the plaintiff did not present herself with any special equities against A., and could not enforce the mortgage against A.'s estate.

The payment by a debtor, of the amount due upon a bond and mortgage, will operate as a satisfaction, notwithstanding such payment be accompanied by a stipulation and an intent to have the instrument subsequently assigned and kept on foot as valid securities.

THIS action was brought to foreclose a mortgage executed by Jane Coope, (now deceased,) to Jane T. James, as trustee for Mrs. Elizabeth Owen, on lands in Ulster county, dated 13th July, 1844, conditioned to secure the payment of $5000 four years from date, and interest at six per cent. On the 20th March, 1856, the defendant David Coope delivered to the plaintiff the above mortgage and the bond to which it was collateral, with an assignment thereof, executed by the mortgagee, and dated and acknowledged on the 1st February, 1856, and received from her a writing dated the 20th March, 1856, declaring the conditions on which she received the bond and mortgage, viz. to secure notes made by David Coope, then held by her, and such other notes made by him as she might thereafter hold, and to reassign the same to him, or his appointee, after payment of all such notes.

Jane Coope died in the spring of 1849. The evidence shows, and the referee finds, that she made the mortgage to accommodate David Coope, who received from the mortgagee the money secured by it, and who then agreed with the mortgagor to pay off the mortgage debt. He at the same time signed and sealed a guaranty, written upon the bond, and of the same date, that the debt should be paid according to its condition. The evidence shows, and the referee also finds, that David Coope paid all the accruing interest on the bond and mortgage, until their assignment to the plaintiff; and that he paid or advanced to the mortgagee, on account of the principal thereof, the sum of $5000, as follows : On the 1st of May, 1850, $1000; on the 13th of January, 1855, $200. That he also paid or advanced to the sons of the mortgagee on the 4th of October, 1855, $1000, and gave to the sons of the mortgagee, with her assent, on account of the balance of said principal sum, four promissory notes for the aggregate sum of $2800 ; all of which matured on or before the 7th day of February, 1856, which were paid by him at maturity. At the time of the receipt of said last mentioned $1000 and said notes for $2800, the said sons of the mortgagee, with

her assent, gave to him a receipt for the same, stating that it was the amount, in full, due on said bond and mortgage, and that $1200 had been previously paid ; and they agreed to assign or cause to be assigned said bond and mortgage to such persons as he should name, and place the same in escrow in the hands of Samuel Smith, to be retained by him until said notes above described were paid, or until they authorized him, by writing, to deliver up said bond and mortgage to Mr. Coope. When the two previous sums of $1000 and $200 were paid, nothing appears to have been said or done to rebut the inference that they were intended as absolute payments upon the bond and mortgage.

The evidence shows that the plaintiff had been in the habit for many years of depositing money with David Coope, on which he allowed her interest, and on which she drew at pleasure. When the bond and mortgage were delivered to her, (20th March, 1856,) her name was filled in the blank left for the name of an assignee in the assignment. The balance then due her from David Coope was about $1800 on deposits made by her, beginning 1st December, 1854. Between the 19th September, 1855, and the 16th February, 1856, she had so deposited only $200, and had during the same period drawn $200. Subsequent to the 20th March, 1856, the plaintiff loaned David Coope such additional sums as carried his indebtedness to her up to the principal sum secured by the mortgage and which is still unpaid.

By her last will the mortgagor devised the premises in question to her daughter Mary for life, remainder to her daughter's children. The daughter died before the commencement of this action, and a guardian *ad litem* was appointed for such of her children as were infants. Said children, together with David Coope and Albert Carpenter, executors of the last will and testament of Jane Coope, deceased, are the defendants in the action.

In the summer or fall of 1855, (the referee finds,) the defendant David Coope stated to the plaintiff that he would

cause the said mortgage to be assigned to her, as a security for all the money she had loaned him or should loan him, and also stated to her that the same was a good security; and that the several moneys thereafter loaned to the said David Coope, by the plaintiff, were loaned upon the faith of the said statement. The referee further finds that the said defendant David Coope did not intend, by the *said payment,* (probably alluding to the payment of the 4th of October, 1855,) to satisfy or extinguish the said bond and mortgage, but made the said payment with the intention of keeping the said bond and mortgage alive and outstanding, and of transferring them to the plaintiff as valid and outstanding securities; and that he did transfer, or cause them to be transferred, to the plaintiff accordingly; and that before or at the time the plaintiff took the assignment, she had no knowledge or notice that David Coope occupied any other relation to the mortgagor than that of surety or guarantor upon the said bond; or that he had received the moneys originally loaned on the said bond and mortgage, or had agreed to pay the same; or that the said bond and mortgage were paid, satisfied or extinguished. And he finds that she received the said assignment in good faith, and in the full belief that the said bond and mortgage were unsatisfied, and were good and available securities, and could be lawfully assigned to and received by her as such. But it also sufficiently appears from the evidence that the plaintiff, at and before the time when she received from David Coope the assignment of the bond and mortgage, knew, 1. That they had been due for upwards of eight years. 2. That the mortgagor was dead, and that David Coope was her executor, and that her will gave no power to mortgage. 3. That several months before, the mortgagee had required the debt to be paid, and that David Coope was embarrassed to raise money to pay it, and that he was in circumstances of pecuniary difficulty. 4. That the money due to her was his debt, and that the money she was about to loan to him was for his individual use and benefit.

Champney *v.* Coope.

The referee held that the bond and mortgage were not satisfied or extinguished, but were outstanding, subsisting and valid securities; were the property of the plaintiff, and that there was due thereon $5000, with interest from the 1st day of July, 1858. The defendants excepted to the report. The usual judgment for a foreclosure and sale of the mortgaged premises having been entered, the executors of the mortgagor, and the grandchildren who take under the will, appealed to the general term.

*J. M. Van Cott* and *W. B. Ackley,* for the defendants, (appellants.)

*A. J. Parker,* for the plaintiff, (respondent.)

*By the Court,* HOGEBOOM, J. Payment of a bond and mortgage extinguishes it. If the payment be of the whole amount secured by the instrument, it extinguishes it altogether; if of only a part, it extinguishes it *pro tanto.* I know of no exception to this rule as between the debtor and the creditor, although the security may sometimes, for equitable purposes, be kept alive as between the principal debtor and his surety, where the payment has been made by the latter. (*Cameron* v. *Irwin,* 5 *Hill,* 272, 276. *Wood* v. *Colvin,* 2 *id.* 566. *Fitch* v. *Cotheal,* 2 *Sandf. Ch.* 29. *James* v. *Morey,* 2 *Cowen,* 246.)

Whether a sum of money received by the creditor, upon the bond and mortgage, amounts to a payment, depends ordinarily upon the intent of the party paying or advancing the same. If intended and declared to apply on the instrument at the time, and so received at the time, in total or partial satisfaction thereof, it has that effect; and no subsequent change of intent by the debtor can *retroact* or renew the security, without the consent of the parties interested, and without prejudice to third persons. (*Truscott* v. *King,* 2 *Seld.* 147. *Mead* v. *York, Id.* 449. *Marvin* v. *Vedder,* 5 *Cowen,* 671.)

t has been held, however, that if the payment be made by the debtor himself, no intent on his part, though existing at the time, to have it operate otherwise than as a satisfaction, will be permitted to have effect. If he supplies the money, and it is applied upon the instrument, though with the intent to have it subsequently assigned and continued as a valid security, such intent, it is held, is unavailing, and incapable of being effectuated. (*Harbeck* v. *Vanderbilt*, 20 *N. Y. Rep.* 395.)

In this case a payment by David Coope is equivalent, in its effect upon the bond and mortgage, to a payment by Jane Coope. David Coope was the real debtor. A payment by him is a payment by Jane Coope. If she had paid the debt, in whole or in part, there can be no doubt it would have been so far extinguished. If he paid, as he was in fact, as between them, bound to pay, it must be deemed a payment for her benefit and by her direction, and to its extent was an extinguishment of the mortgage. As I have before stated, the rule is universal, except as between principal and surety; and here no question arises between them, for they both desire and claim the extinguishment of the mortgage.

I do not think that under the circumstances the plaintiff can claim that David Coope was the agent of Jane Coope, and that his representations as to the validity and sufficiency of the mortgage bind or estop Jane Coope. Jane Coope had died in the spring of 1849, and this fact was known to the plaintiff. Her death terminated the agency, if one there was. It could not be presumed that after that period he had any authority from her to negotiate the mortgage or make representations in regard thereto. (*Megary* v. *Funtis*, 5 *Sand.* 376.) Nor do I think his *executorship* of the will of Jane Coope gave him such authority. It was not in the line of his duty, express or implied. It was not an act for the benefit of the estate of Jane Coope, but the contrary. He did not hold the mortgage as a representative of the estate; nor in that capacity was he qualified in any respect to transfer

it.  So far as it affected the estate of Jane Coope, it affected, primarily at least, her real estate, which was devised not to him but to the children of his sister, Mary Carpenter—and he is not pretended to have been *their* agent.  He had no title under the will, whatever.  I see nothing, therefore, in his situation, to make his representations obligatory upon Jane Coope's estate.

On the contrary, his very possession of the bond and mortgage was a circumstance of some suspicion, tending to discredit his authority for negotiating the same.  He was not the mortgagee, nor the assignee of the mortgagee.  He was the debtor—the actual debtor, in fact; and if not known to the plaintiff to be the principal debtor, still known to her by his guaranty on the bond, to be one of the debtors—one of the parties bound to pay.  The possession of the bond and mortgage by him, was some evidence that it was paid.  In other respects, whatever may be her equities as against David Coope, she does not present herself with any special equities against Jane Coope.  She took the mortgage, in part, at least, for a precedent debt; with knowledge that it was long overdue; that the mortgagor was dead; that David, as executor, had no power to mortgage; that he was himself considerably embarrassed, and was employing this mode of redeeming his promise to secure her debt, by means of a mortgage which he did not own, and the very possession of which, by him, was calculated to inspire doubt whether it continued to be a valid and subsisting security.

As to the first payments, of $1000 and $200, the report cannot be sustained.  The payment was absolute and unqualified, and the bond and mortgage were *pro tanto* extinguished.  Jane Coope never in any way consented to its resuscitation, and the representations of David Coope to the plaintiff, six or seven years after her death, could have no effect as against her or her estate.

As to the balance of $3800, there is more difficulty.  It is very apparent that David Coope did not, when he paid the

$1000 on the 4th of October, 1855, and gave his notes for the $2800, intend to extinguish the bond and mortgage. On the contrary, the proof is quite satisfactory that he intended to keep it alive. He designed to have it assigned to some third person. And it is quite clear that until the notes were paid, in February, 1856, it remained a valid security, at least for the $2800 in the hands of Mrs. Owen. The notes were not received in absolute payment.

And yet, on the 4th of October, 1855, $1000 was in *fact paid* by the real debtor, David Coope, and by the 7th of February, 1856, the remaining $2800 was also paid. It was paid from the funds of David Coope—the real debtor—who had no right, especially as he stood in a trust relation to the estate of Mrs. Coope, to keep up an incumbrance against her estate after it was in fact extinguished. He was paid without any distinct understanding—indeed, without any understanding—that the money was to remain as a deposit. Could the mortgagee, after the final receipt of the money, have foreclosed the mortgage? Could David Coope, to whom, pursuant to a stipulation in the paper of October 4th, 1855, the bond and mortgage were delivered up, (as if paid,) on the payment of the notes, have foreclosed the same, or enforced them as a subsisting security against the estate of Mrs. Coope? It is true, Mrs. Owen agreed to assign them to whomsoever David Coope should name; but that is consistent with the idea that he anticipated the money might be advanced to the mortgagee by some one else than himself. And if this stipulation referred to the case of money advanced by himself, it has been adjudged that a payment by a party himself, though accompanied with a stipulation and an intent to assign, is ineffectual to keep up the mortgage as a subsisting and valid security. (*Harbeck* v. *Vanderbilt*, 20 *N. Y. Rep.* 395.)

I am inclined to think that, assuming all the *facts* in the case to be as the referee has found them, and all others which are deducible from the evidence, the plaintiff cannot sustain

her action; and that no possible state of the proof can be presented, which, upon the undisputed facts of the case, will entitle the plaintiff to recover.

If this be so, it seems to be almost useless to subject the parties to the expense of any farther litigation; and perhaps it would not be inappropriate for us to reverse the judgment of the special term, and to dismiss the plaintiff's complaint, with costs.

But perhaps it is more judicious to give the plaintiff an opportunity to put the facts in a more favorable aspect to her claim, and to bring forward further evidence, if she is able to do so. I am inclined, on the whole, to give her this opportunity, and with that view to reverse the judgment of the special term, and to order a new trial, with costs to abide the event; which costs may be finally disposed of, as equity shall require.

[ALBANY GENERAL TERM, March 4, 1861. *Gould, Hogeboom* and *Peckham*, Justices.]