WILLIAM E. WARING, Respondent, *v.* JULIUS SOMBORN, Appellant.

Conduct of one party is an estoppel upon him only when it induces action in another, which cannot be withdrawn from without loss.

(Argued June 11, 1880; decided September 21, 1880.

THIS was an action to foreclose a mortgage. The defendant set up as a counter-claim that the mortgage was executed to secure part of the purchase-price of the mortgaged premises; that the grantor, to whom the mortgage was given, falsely and fraudulently represented that an assessment appearing on the premises had been adjudged void by the court, and thereupon defendant took the conveyance, relying on said representations, without deduction for said assessment, whereas said assessment had not been adjudged void, but was a lien upon the premises, and defendant was compelled to pay the same. In another count the answer alleged that both defendant and his grantor believed that said assessment had been adjudged void, and by mistake the deed contained a clause making the conveyance subject to the assessment; that it was not intended by either that the conveyance should be subject to the assessment, and defendant claimed to have the deed reformed by erasing said clause, and to have the amount paid by him upon the assessment credited on the mortgage. It appeared that at the time the deed was delivered the clause in reference to the assessment was explicitly objected to by defendant, and it was suffered to remain only on the declaration of the grantor that the lien of the assessment was only apparent; that it had been vacated by

the court, and could not be collected. *Held*, that as the proof showed it was not the intention of the vendee to take the land subject to the assessment, and that it was contrary to the avowed intention of the vendor, the former was entitled to the relief sought; that if the vendor said what he believed, it was a material mistake of fact; if he did not believe it, it was a fraud upon the vendee, and in either case there was good ground for a reformation of the deed. (*Boyce* v. *Lorillard Ins. Co.*, 59 · N. Y. 240.) Also, that it was proper matter for a counterclaim.

The trial court refused to reform the deed, on the ground that there was no evidence of mutual mistake, and the answer only asked that relief on the ground of mistake. *Held*, that while with its views of the facts the ruling of the court was rigidly correct, yet, as it conclusively appeared that defendant relied upon the assertion of his grantor, and was misled thereby, to his damage, he was entitled to the relief.

It appeared that the mortgagor, at the request of defendant, about the time the mortgage fell due, extended the time of payment, and that defendant continued the payment of interest on the whole principal sum named in the mortgage, after he had discovered that the assessment was not vacated, but was a valid lien. It was claimed that defendant was thereby estopped as against plaintiff, an assignee of the mortgagor; there was no finding or evidence that plaintiff was induced by the extension to make the purchase. *Held*, that the claim was untenable, the court stating the rule as above.

*George N. Sanders* for appellant.

*Henry H. Anderson* for respondent.

FOLGER, Ch. J., reads for reversal and new trial.
All concur, except MILLER, J., absent at argument.
Judgment reversed.