NATHANIEL M. BENNETT, Appellant, *v.* MARY A. BATES et al., Respondents.

It is the duty of this court to harmonize the findings of a trial court so as to arrive at the real intention, if it can be done, and an intention to reverse a deliberate finding will not be imputed because of collateral findings in which an inadvertent or immaterial expression is used.

*It seems* that where a conveyance of land is made subject to the payment of a mortgage thereon, but without an express covenant on the part of the grantee to pay, the disability thus imposed upon him, which prevents him from disputing the validity of the mortgage, may be removed by the grantor by conferring upon the former the right to question the mortgage which the original conveyance withheld.

The mere deduction of the amount of a mortgage from the purchase-price on sale of the lands does not, in the absence of an agreement to pay, absolutely impose upon the grantee the duty of paying or suffering his land to be taken in payment of the mortgage. While it is evidence of the

grantor's intention to subject the land to such payment it is not controlling or conclusive ; it may be inferred that the deduction was made to protect the grantee against a questionable incumbrance.

Defendant S. purchased for $15,000 certain premises, upon which she held mortgages amounting to $11,400. She agreed to give her bond with a mortgage on the premises to secure the purchase-price, from which was to be deducted the amount of her mortgages ; these were satisfied and surrendered on receipt of the deed, but a mortgage was presented to her for execution, prepared by the grantee's attorney, for the full amount of the purchase-price, which she executed and delivered in ignorance of the fact that the deduction agreed upon had not been made. There was no special agreement that her mortgage should be given simply for the balance, but she supposed that the amount due her had been or would be deducted. This mortgage was assigned on the day of its execution by the mortgagee to H., his attorney, and by the latter with a guaranty of payment to plaintiff, without any indorsement of payment thereon. In an action to foreclose the said mortgage, *held,* that the satisfaction and delivery by S. of the bonds and mortgages held by her operated as a payment upon the mortgage in suit ; that the omission to indorse such payment did not affect her right to claim it ; and that she was entitled to the benefit of the payment, even as against a *bona fide* purchaser.

S. sold and conveyed the premises to defendant B., subject to the payment of the mortgage, "if (as was stated in the deed) there shall be found any thing owing and unpaid upon the same." The evidence showed that the whole amount of the mortgage was deducted from the purchase-price. *Held,* that this fact alone did not charge the land with the payment of the full amount ; and as the deed disclosed a clear intention on the part of the grantor to convey her interest in the land, and subject it only to the payment of the sum actually owing on the mortgage, this justified a finding to that effect, and such a finding having been made, that the grantee was entitled to the benefit of the payment.

B., with knowledge of the facts, paid to plaintiff $1,050 specifically as one year's interest on the mortgage. *Held,* that while B. was not estopped by such payment from questioning the validity of the mortgage debt, yet, as it was a voluntary payment upon a disputed claim, she was not entitled to have the excess of the sum paid over the interest actually due applied generally as a payment upon the mortgage.

The mortgage was executed May 10, 1876 ; the principal was made payable May 10, 1881. *Held,* that plaintiff was entitled to interest at the rate of seven per cent up to the latter date, and at six per cent thereafter.

(Argued December 6, 1883 ; decided January 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon

an order made February 10, 1882, which modified and affirmed as modified a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 26 Hun, 364.)

The nature of the action and the material facts are stated in the opinion.

*Samuel Hand* for appellant. The court erred in refusing to find as a fact that Mary A. Bates, prior to and at the time of the conveyance to her of said premises, orally agreed, in consideration thereof, and as a part of the purchase-price, to take the conveyance thereof, subject to said $15,000 mortgage, then held by the plaintiff, this being a material and vital fact in the case, and being established by uncontradicted evidence. (*James* v. *Cowing,* 82 N. Y. 451, 459 ; *Davis* v. *Leopold,* 10 Weekly Dig. 266.) Upon this appeal the fact so conclusively proved and requested to be found should be treated and deemed the same as having been found. (*McCormick* v. *Penn. C. R. R. Co.,* 80 N. Y. 362, 363.) By Mrs. Bates either taking, or agreeing to take, a conveyance of the premises, subject to the mortgage, and by then and there deducting the amount of it from said purchase-price, the land thereby became primarily liable to pay the mortgage debt, and she took it *cum onere ;* and neither Mrs. Simons, nor Mrs. Bates, nor both together, could, without the consent of the plaintiff, for whose benefit such trust in said land was created, afterward discharge it from such liability. (Jones on Mortgages [3d ed.], §§ 736, 744, 1303 ; *Colgrove* v. *Tallman,* 67 N. Y. 98 ; *Johnson* v. *Fink,* 52 Barb. 396 ; *S. C.* affirmed, 51 N. Y. 333, 336 ; *Belmont* v. *Coman,* 22 id. 438, 440 ; *Freeman* v. *Auld,* 44 id. 50, 55 ; *Horton* v. *Davis,* 26 id. 495 ; *Wells* v. *Chapman,* 4 Sandf. Ch. 312 ; *Brinsmade* v. *Hunt,* 3 Duer, 307 ; *Smith* v. *Truslow,* 84 N. Y. 660, 662 ; *Miller* v. *Thompson,* 34 Mich. 10 ; *Crawford* v. *Edwards,* 33 id. 355, 362, 363 ; *Fuller* v. *Hunt,* 48 Iowa, 163.) Having taken and kept possession of the premises in question, under purchase and conveyance thereof, subject to the mortgage in suit, Mrs. Bates is now estopped from questioning either the validity or amount of said mortgage. (*Dunning* v. *Leavitt,* 85 N. Y. 30,

36; *Hopkins* v. *Wooley*, 81 id. 78, 85; *Russell* v. *Dudley*, 3 Conn. 147; *Waterman* v. *Ourtiss*, 26 id. 241; *Green* v. *Kemp*, 15 Mass. 515; *Tate* v. *Stevens*, 98 id. 305; *Johnson* v. *Thompson*, 129 id. 398.) If there is any contradiction or in-consistency between the findings in the decision, and those made in answer to plaintiff's requests, the appellant is entitled to the full and entire benefit of those most favorable to him. (*Bonnell* v. *Griswold*, 89 N. Y. 122, 127; *Schwinger* v. *Raymond*, 83 id. 192.) As the deed from Mrs. Simons, contain-ing a covenant to pay this $15,000 mortgage, was actually delivered either to Hill or Mrs. Bates for Mrs. Bates as early as February, 1877, the latter thereby became the legal owner of the premises, and precluded from defending this action to foreclose it, and is now estopped from denying its validity, and the land in her hands thereby became the primary fund to pay that mortgage debt. (Jones on Mortgages [3d ed.], § 744; *Russell* v. *Pistor*, 3 Seld. 171; *Freeman* v. *Auld*, 44 N. Y. 50; *Parkinson* v. *Sherman*, 74 id. 88, 92; *Campbell* v. *Smith*, 71 id. 26; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253; *Ayres* v. *Dixon*, 78 id. 318; *Crawford* v. *Edwards*, 33 Mich. 354, 359, 360; *Miller* v. *Thompson*, 34 id. 10.) It is not open to Mrs. Bates after taking and keeping possession of the premises under her purchase thereof, and under such circumstances, to show when sued either that the mortgage debt did not exist or that it had been paid. (Jones on Mortgages [3d ed.], § 744; *Haile* v. *Nichols*, 16 Hun, 37; *Henry* v. *Dailey*, 17 id. 210; *Freeman* v. *Auld*, 44 N. Y. 50; *Ritter* v. *Phillips*, 53 id. 586; *Dunning* v. *Leavitt*, 85 id. 30, 36, 41, 42.) Nor could Mrs. Simons and Mrs. Bates, had they intended to do so, without the consent of plaintiff, by any arrangement between themselves, sub-sequently made, discharge this liability thus assumed by Mrs. Bates, to pay this $15,000 mortgage. (*Hartley* v. *Harrison*, 24 N. Y. 170, 172; *Douglass* v. *Wells*, 18 Hun, 88, 93, 94; *Barthel* v. *Elias*, 2 Abb. N. C. 364; *Ranny* v. *McMullen*, 5 id. 246; *Seaman* v. *Hasbrouck*, 35 Barb. 151; *Garnsey* v. *Rogers*, 47 N. Y. 242.) A finding of a judge contrary to the evidence and the admission in the answer is erroneous and

cannot stand. (*Ballou* v. *Parsons*, 11 Hun, 602, 605 ; *Wright* v. *Delafield*, 25 N. Y. 266.) The language contained in the second deed itself recognizes the mortgage in suit as valid, and estops Mrs. Bates from now denying either its validity or the amount due thereon, except so far as that amount has been reduced by payment, if any, applicable thereto. (1 Jones on Mortgages [3d ed.], § 744 ; *Conkling* v. *Secor Sewing Co.*, 55 How. 269 ; *Lyon* v. *Adde*, 63 Barb. 90, 98 ; *Freeman* v. *Auld*, 50 N. Y. 50 ; *Hardin* v. *Hyde*, 40 Barb. 435 ; *Dunning* v. *Leavitt*, 85 N. Y. 30, 36, 41, 42 ; *Hopkins* v. *Wolley*, 81 id. 77 ; *Thayer* v. *Marsh*, 11 Hun, 502, 504, 505 ; *Miller* v. *Thompson*, 34 Mich. 10 ; *Chapin* v. *Thompson*, 89 N. Y. 271, 276 ; *Stanton* v. *Knight*, 1 Simons, 482.) By the previous purchase of the premises subject to the mortgage, and deducting the entire amount of the mortgage debt from the purchase-price, as had been done by Mrs. Bates, the land thereby became the primary fund to pay this entire mortgage debt, and Mrs. Simons became thereby a mere surety for its payment. (*Cosgrove* v. *Tallman*, 67 N. Y. 98 ; *Johnson* v. *Zink*, 51 id. 333, 336 ; *Smith* v. *Truslow*, 84 id. 660.) The judge at Special Term erred, in allowing to the defendant Bates, as a general payment upon the mortgage in suit, as already reduced by him to the sum of $2,761.92, the sum of $1,050 specified in his decision, as having been specifically paid by Mrs. Bates for one year's interest on said mortgage, which became due thereon on the 10th of May, 1877, and thereby still further reducing the principal sum due upon the mortgage, as he has done. (*Gilleland* v. *Failing*, 5 Denio, 308 ; *Ritter* v. *Phillips*, 53 N. Y. 586, 590 ; *N. Y. L. Ins. Co.* v. *Manning*, 3 Sandf. Ch. 58 ; *Root* v. *Wright*, 21 Hun, 345, 348 ; *Gould* v. *Cayuga B'k*, id. 294 ; *Morris* v. *Budlong*, 78 N. Y. 544, 560.) As the answer does not set up the defense of payment, or make any claim to that effect, in respect to the sum so allowed as payment, the allowance thereof by the judge as a payment on the principal sum due on the mortgage was manifestly erroneous and the same should be corrected. (*N. Y. & H. R. R. Co.* v. *Marsh*, 2 Kern. 308 ; *Treadwell* v. *Moore*, 34 Me. 112 ; *Richard-*

*son* v. *Woodbury*, 12 Cush. 279 ; *Hubbell* v. *Flint*, 15 Gray, 550 ; *Clancey* v. *McEvery*, 17 Wis. 177.) Mrs. Simons did not acquire any "better title" to the premises in question by bidding them off at the foreclosure sale on the Taylor mortgage because she made that purchase for the purpose of clearing the premises of the incumbrance created by that mortgage, "pursuant to her agreement to that effect with Mrs. Bates." (*Mickles* v. *Townsend*, 18 N. Y. 575 ; *Carnes* v. *Platt*, 59 id. 405, 411 ; *Mickles* v. *Dillaye*, 15 Hun, 296.) A manual delivery of the deed to Mrs. Bates was not necessary to vest the title in her. (*Schruham* v. *Weed*, 15 Wend. 545.) Mrs. Bates having paid up the purchase-price to Mrs. Simons, the transaction would vest the entire equitable title to the premises in Mrs. Bates, and make her the equitable owner thereof, and divest Mrs. Simons of all beneficial ownership and interest in the premises. (*Fonda* v. *Sage*, 46 Barb. 110, 126 ; *Crawford* v. *Edwards*, 33 Mich. 355, 362 ; *Vanderbilt* v. *Vanderbilt*, 54 How. 250.) The second deed could not have any effect in enlarging Mrs. Bates' title or interest in the premises, or in extinguishing the lien of the plaintiff's mortgage thereon. (*Fonda* v. *Sage*, 46 Barb. 110, 126 ; *Schutt* v. *Large*, 6 id. 373 ; Jones on Mortgages [3d ed.], § 736 ; *Parkinson* v. *Sherman*, 74 N. Y. 88.) Plaintiff did not, by releasing the personal liability of Mrs. Simons, discharge the lien of his mortgage upon the land. (*Tripp* v. *Vincent*, 3 Barb. Ch. 613 ; *Bentley* v. *Vanderheyden*, 35 N. Y. 677 ; *Ranny* v. *McMullen*, 5 Abb. N. C. 256.)

*Charles S. Lester* for respondents. Plaintiff can do what his assignor could do and no more. He must stand in his place and accept his title. (*Schafer* v. *Rully*, 50 N. Y. 61, 66 ; *Davis* v. *Bechstein*, 69 id. 440 ; *Ingraham* v. *Disborough*, 47 id. 421 ; *Crane* v. *Turner*, 67 id. 437 ; *DeLancey* v. *Stearns*, 66 id. 157 ; *Greene* v. *Warnick*, 64 id. 220 ; *Trustees of U. College* v. *Wheeler*, 61 id. 115 ; *Mickles* v. *Townsend*, 18 id. 575.) As against the assignee of a mortgage defendant may prove mistake and have the mortgage reformed. (*Andrews* v.

*Gillespie,* 47 N. Y. 487.) Equity will enforce the agreement to apply the sum of $11,196.67 upon the mortgage, and deem it applied whether there was any written indorsement or not. (*Mead* v. *York,* 2 Sheld. 449; *Davis* v. *Spencer,* 24 N. Y. 386; *Champney* v. *Cooke,* 34 Barb. 539.) Mrs. Simons had a right to hold this property, subject only to the amount actually due upon the mortgage and relieved from the burden cast upon it by the fraud of the vendor. (*Bush* v. *Lathrop,* 22 N. Y. 535; *Seligman* v. *Dudley,* 14 Hun, 186, 189; *Lathrop* v. *Godfrey,* 3 id. 739; *Harris* v. *Eq. Ass. Soc.,* id. 732; *Whitney* v. *Allaire,* 1 Comst. 305; *S. C.,* 1 Hill, 484; *People* v. *Stevens,* 71 N. Y. 553; *Isham* v. *Davidson,* 52 id. 240; *Denston* v. *Morris,* 2 Edw. Ch. 37; *Hartley* v. *Tatham,* 26 How. 158; 1 Keyes, 222.) She had the right as against the plaintiff to bring an action and have the mortgage reformed. (*Andrews* v. *Gillespie,* 47 N. Y. 487.) The mere words, "subject to a mortgage," even when not qualified as they are in this case, imposed no personal liability and do not preclude a grantee from setting up payment or any other valid defense. (*Russell* v. *Kinney,* 1 Sandf. Ch. 34; *Hartley* v. *Tatham,* 1 Keyes, 222; *S. C.,* 10 Bosw. 273; *Hale* v. *Nichols,* 16 Hun, 37; *Stebbins* v. *Hall,* 29 Barb. 524; *Gage* v. *Brewster,* 31 N. Y. 218, 221; *Bellmont* v. *Cowan,* 22 id. 438.) An agent cannot bind his principal by deed unless he has authority by deed so to do. (*Hanford* v. *McNair,* 9 Wend. 54; *Worrall* v. *Munn,* 5 Seld. 229; 1 Parsons on Contracts, 110; *Basford* v. *Pearson,* 9 Allen, 387; *Chauncey* v. *Arnold,* 24 N. Y. 330; 2 Washburn on Real Property, 555; *Smith* v. *Fellows,* 9 J. & S. 36.) Evidence of calculations or valuations or conversations preceding the contract were immaterial. They cannot be received to vary the contract, or to show that the premises conveyed were to be paid for in any different manner than is stated in the writings. (*Goelet* v. *Farley,* 57 How. 174; *Johnson* v. *Zink,* 51 N. Y. 333.) The plaintiff is not entitled to any benefit from the contract made by Mrs. Simons and Mrs. Bates. (*Vrooman* v. *Turner,* 69 N. Y. 284; *Garnsey* v. *Rogers,* 47 id. 233.) If there was any parol, verbal or written agreement on the part of Mrs. Bates with Mrs. Simons to pay

plaintiff $15,000 on account of this mortgage, Mrs. Simons subsequently released Mrs. Bates from such agreement. (*Knickerbocker L. Ins. Co.* v. *Nelson*, 78 N. Y. 137, 153 ; *Stevens* v. *Casbacker*, 8 Hun, 116.)   The judge was right in refusing to sign the complicated series of propositions presented to him after the cause had been decided, and on the settlement of the case.   (Code, § 1023, subd. 32 ; *Palmer* v. *Phœnix Ins. Co.*, 22 Hun, 224.)

RUGER, Ch. J.  The findings of fact made by the court below fully supported the judgment appealed from, and the appellant must fail, unless he can successfully assail those findings.

The action is brought by the plaintiff, as assignee, to foreclose a mortgage purporting to be for $15,000, given May 10, 1876, by the defendant, Fannie K. Simons, to one Thomas E. Allen.  This mortgage, with the bond accompanying it, was on May 11, 1876, assigned by Allen to one Joseph W. Hill, and were assigned by the latter with a guaranty of their payment to the plaintiff on June 17, 1876.   The findings of the court, as well as the undisputed evidence, show that the bond and mortgage were given on the purchase of the mortgaged premises by Fannie K. Simons from Allen, under an agreement to pay therefor the sum of $15,000, from which sum, the amount due on two certain bonds and mortgages, being about $11,200, then held by the purchaser against Allen, was to be deducted.

It was further provided by the contract of purchase that a bond and mortgage upon the same premises was to be given by Mrs. Simons to Allen to secure the purchase-price.   Simultaneously with the execution and delivery of a deed of the premises from Allen to Mrs. Simons, the latter executed and delivered to the former satisfaction-pieces of each of the two mortgages held by her.   At the same time, either through inadvertence or design the mortgage in suit for the full sum of $15,000 was presented to Mrs. Simons for execution, and she executed and delivered it in ignorance of the fact that the deduction agreed upon had not been made.

The various writings effectuating this transfer were prepared

by Allen and his attorney, one Joseph W. Hill, and Mrs. Simons relied upon them to see that such papers were in accordance with the agreement between herself and Allen, and she executed and delivered the mortgage, supposing that the sum owing her by Allen had been or would be applied upon the purchase-price of the premises.

There was no special agreement that the mortgage, to be given by her, should be merely for the balance of the purchase-price after deducting the amount of the mortgages held by her against Allen, and it would not alter the legal effect of the transaction whether such deductions were made from the purchase-price and a mortgage given for the balance, or if a mortgage were given for the whole amount and the payments afterward indorsed thereon.

The delivery by Mrs. Simons to Allen of the satisfied bonds and mortgages which she then held against him under the agreement of purchase, operated as a payment upon the $15,000 mortgage so given to Allen, and rendered such mortgage in his hands inoperative for any sum, save what remained after deducting such payment. The omission of Allen to indorse these payments on the mortgage did not affect the rights of the parties to the transaction. (*Davis* v. *Spencer*, 24 N. Y. 386 ; *Champney* v. *Coope*, 34 Barb. 539.) The effect of it was simply to place in the possession of Allen the means of defrauding some prospective purchaser of the bond and mortgage by concealing the fact of such payment, and inducing such purchaser to believe that there was a much larger sum due than was actually owing thereon, but it was totally ineffectual toward imposing a loss upon Mrs. Simons by its enforcement against her as a $15,000 mortgage. No action could be maintained by Mrs. Simons against the parties who attempted to perpetrate this fraud, to recover damages therefor, for the reason that she has suffered none. The means of protection, not only against Allen, but also against any assignee claiming under him, to shield herself from any loss on account of this transaction were always in her control, and the defense to this suit does not depend upon the theory of a recoupment of dam-

ages arising from a fraud practiced upon Mrs. Simons, but upon the theory of a payment made upon such mortgage by which the sum due thereon was reduced by the equitable application of the amount owing upon the mortgages satisfied by Mrs. Simons.

It is not claimed that an assignee from Allen has any greater or different rights in enforcing the collection of the bond and mortgage than those possessed by the mortgagee himself, unless they arise by force of some subsequent transaction between the parties.

By repeated decisions of this court the doctrine is established that the assignee of a mortgage takes it subject to all of the equities existing between the original parties thereto, and so far as the remedy thereon is concerned stands precisely in the shoes of his assignor. (*Schafer* v. *Reilly*, 50 N. Y. 61; *Davis* v. *Bechstein*, 69 id. 440 ; 25 Am. Rep. 218.)

Conceding this position the plaintiff upon the trial expressly abandoned any personal claim against the mortgagor, and sought to support his claim against the land mortgaged, upon the ground that Mrs. Simons, upon a subsequent sale and conveyance of the premises to the defendant, Mary A. Bates, had expressly charged it with the payment of the mortgage debt, and that said grantee had, by accepting such conveyance, assumed the payment thereof. The legal proposition is not disputed by the defendants that a grantee of real estate, who by his conveyance assumes the payment of a prior mortgage existing thereon, or takes it expressly subject to such payment, is estopped from controverting the existence and validity of such mortgage, but it is denied that any such conveyance was ever executed or delivered to the defendant, Mrs. Bates.

The findings of the court below support the defendants' contention.

It is alleged by the appellant that Fannie K. Simons, in February, 1877, executed a deed of said premises, subject to the payment of the $15,000 mortgage, and containing a provision whereby the grantee assumed and agreed to pay said mortgage, and intrusted the same to said Joseph

W. Hill in blank with power to fill in the name of the grantee and deliver such deed to the purchaser of said premises. That said Hill afterward, and about the 3d day of April, 1877, filled in the name of the defendant, Mary A. Bates, as the grantee, and delivered the same to Chester S. Bates as the agent of said Mary A. Bates. There was some evidence to support this allegation, but we think the probabilities as well as the preponderance of evidence show that no such deed was ever executed or delivered. Hill, while refusing to swear positively that the deed was executed by Mrs. Simons, testified that he received such a deed from her and filled in the name of Mary A. Bates as the grantee, and delivered it to Bates about the 3d of April, 1877. He is corroborated by one Jones, who testifies that he saw such a deed and that it was executed by Mrs. Simons. On the other hand, not only does Mrs. Simons testify that she never executed such a deed, but Bates also swears that no such deed was ever delivered to him. The only deed of the premises from Mrs. Simons to Mary A. Bates, which was put in evidence on the trial, was produced by the defendants and proved to be a warranty deed dated the 25th day of September, 1877. This deed Mrs. Simons testifies was the only one ever executed by her to Mrs. Bates of such premises. This deed was not drawn by Hill, and the only reference which it contained to the mortgage in question was as follows: "Subject also to a certain mortgage executed by the party of the first part, to Thos. E. Allen for the sum of $15,000, bearing date the 10th day of May, 1876, and recorded in the Saratoga county clerk's office on the 12th day of May, 1876, in book of mortgages No. 97, *if there shall be found any thing owing and unpaid upon the same.*" It is also quite significant, that the contract for the sale of these premises by Mrs. Simons to Mrs. Bates, drawn by Hill and executed on the part of Mrs. Simons by him as her agent, and by Chester S. Bates on behalf of Mrs. Bates on the 9th day of February, 1877, originally contained a provision whereby Bates was to assume and pay the $15,000 mortgage. This contract Bates refused to execute, and that provision was thereupon stricken out and the contract

executed without providing for such payment. The contract, however, contained a provision by which Bates was to assume and pay the interest on the mortgage amounting to $1,050, which was described as maturing on the 10th day of May, 1877. It also contained a reference to a deed of the premises from Mrs. Simons to said Bates, which was described as then in the possession of said Hill. This agreement contained no statement of the amount of the purchase-price of the property or the manner of its payment, except a clause reciting that Mary A. Bates had conveyed two certain lots of land in consideration of such sale, and that the deeds therefor had been delivered and were then in the possession of Hill. It was, however, testified by Bates that the price agreed to be paid therefor was $24,050, and that he was to take the premises subject to the mortgage of $15,000 and interest, and pay the balance of $8,000. It appeared that this payment of $8,000 was made by the conveyance by Mrs. Bates to Hill of the real estate referred to in the contract, and which was estimated to be of the value of $8,000 exclusive of incumbrances. It also appeared from a statement in the handwriting of Bates that in computing the amount due to Mrs. Simons upon the purchase-price, at the time of the execution of the written contract, he deducted therefrom the amount of the mortgage and interest, viz., $16,050.

It does not appear, except inferentially, from the evidence of Bates, whether any thing besides the lots described was to be given to Mrs. Simons by Bates on account of the purchase, in case the mortgage was not enforced for its face value against the land. Mrs. Simons testified that "the mortgage and the year's interest was to be paid by Bates, and every thing that had been brought against the property." There is some evidence, however, that Mrs. Simons refused to charge the land directly with the payment of the mortgage, and that Bates always declined when directly asked to assume its payment.

We have thus referred to the most material facts bearing upon this issue, and from which it will be seen that the evidence presented a question of fact strongly supported on either

side, as to whether the land was conveyed, or agreed to be conveyed subject to the assumption by the grantee of the payment of the mortgage. The conflict seems to have arisen almost altogether from the interested efforts of Hill to impose the payment of the mortgage upon the land described therein; the ignorance of the parties as to his real intentions, and the advantage which the confidential position occupied by him toward Mrs. Simons, enabled him to use in forwarding his object. The evidence leaves entirely inexplicable the consideration or understanding upon which Hill not only acquired the possession and ownership of the mortgage in suit immediately after its execution, but also the ownership of the property given by Mrs. Bates in exchange for the mortgaged premises, as well as a barn lot conveyed to him by Mrs. Simons. The only consideration which she seems to have received was the conveyance to her by Hill of some village lots in Rutland, apparently of small value, and which Hill in some way received from the witness Jones. Mrs. Simons testifies that she never received any thing as a consideration for the transfer of the mortgaged premises to Mrs. Bates. It is impossible to resist the conviction that this aged and inexperienced lady has been greatly wronged in the course of these various transactions, and the benefit thereof seems to have been reaped, in part, at least, by Hill. His motives, as well as those of Jones, who seems to have acted in concert with him, are subject to grave suspicions, and fully warranted the determination of the court below in refusing to credit their testimony.

While the admissions of the parties interested, the complications introduced by Hill into the transactions, and the testimony as to the parol negotiations which preceded the conveyance of the property from Mrs. Simons to Bates, might seem to leave some doubt upon the question as to whether the grantee in the deed was to assume the absolute payment of the mortgage in question or not; yet the deed, by which the contract was finally evidenced, is clear and unambiguous, and provides for the assumption by such grantee of the payment only of such sum as shall be actually due and owing thereon. In the absence of evidence

of fraud or mistake in the execution of this deed, its terms must be deemed controlling upon the rights and liabilities of the parties so far as they are affected by the transfer of the mortgaged premises.    It was entirely competent for the parties thereto to merge in the written conveyance the various propositions which had been previously orally discussed, as well as the stipulations which were contained in the written contract of sale ; and the conclusion of the court below, that their rights were to be determined by the contract, as thus evidenced, seems to be well supported.    (*Kelly* v. *Roberts*, 40 N. Y. 432; *Knickerbocker Life Ins. Co.* v. *Nelson*, 78 id. 153.)    The recital in the written contract of February, 1877, of the fact that a deed of said premises from Mrs. Simons to Mrs. Bates was then in the possession of Hill, merely furnished some evidence upon the controverted question, and when considered in connection with the circumstances, impeaching the good faith of Hill, who drew the contract and the immateriality of the fact mentioned, so far as the ostensible object of the contract was concerned, was deprived of much of its force as evidence.

It is also claimed by the appellant that there are conflicting findings of fact, made by the court, as to the delivery of the alleged deed to Bates ; and that he is entitled to the application of the rule that when there are such findings, that one shall be adopted by the court on appeal which is most favorable to the defeated party.

We are not disposed to dispute or qualify this most salutary rule, but we do not think that the findings of the court below are subject to the criticism made upon them by the appellant. That court repeatedly refused to find that the alleged deed of February, 1877, had been delivered to Mrs. Bates, and expressly found that the deed of September 25, 1877, was the only one delivered.

Among numerous requests to find, proposed by the defendants to the court after the trial, some of which were found and some it declined to find, was the following :

" That immediately after such purchase of said premises by said Mary A. Bates as aforesaid, *and before the commencement*

*of this action*, she took possession of said premises under said purchase and conveyance thereof to her by said Simons, and has continued in the undisturbed occupation thereof ever since, to-wit, since about the 1st day of April, 1877." This the court found as a fact in the case.

Notwithstanding the express finding on this point it is argued that inasmuch as Mrs. Bates could not take possession of premises in April, under a deed executed in September thereafter, the court must have intended to find that the alleged deed of February was delivered to Bates on or before April, 1877.

There might have been some force in this argument, if it had been found that she took and continued in possession under this conveyance alone; but such is not the finding, and although the sentence is awkwardly framed, it is susceptible of a construction which renders it substantially true. It must be borne in mind that the appellant is the author of the language in which this finding is couched, and is, therefore, responsible for its incongruity. It specifies four periods of time for the happening of the events therein described, all of which cannot be literally true. First, it indicates that they occurred immediately after the purchase, the evidence shows this date to have been February 9, 1877. Secondly, that it was before the commencement of the action, which is shown to have been in January, 1879; then that it was about the 1st of April, 1877, and lastly during all the intervening time between about the 1st of April, 1877, and the time of trial in November, 1880.

It is strictly true that previous to the commencement of the action and during the greater part of the time mentioned in this finding, Mrs. Bates held and occupied the premises under the conveyance; and the only conveyance which she received from Mrs. Simons, was that of September, 1877. The mere fact that the word "conveyance" was connected with the word "purchase" in describing the time and manner of her original possession was entirely immaterial in the connection in which it was used and the apparent object of that finding. It is our duty to harmonize the findings if we can do so, and arrive at the real intention of the court in making them. We

think it would be quite absurd to impute to it, the intention to reverse its deliberate finding several times repeated in course of the settlement of the case upon a mere collateral finding in which an inadvertent and immaterial expression was used in describing an irrelevant fact.

The obvious meaning of the finding is that Mrs. Bates went into and continued in possession of the premises under her contract of purchase and deed, and construed in that sense it would be literally true and in accord with the other findings of the case.

It is also claimed by the appellant that the undisputed evidence in the case establishes the fact that the whole amount of the mortgage in suit was deducted from the purchase-price of the mortgaged premises upon their sale to Mrs. Bates, and therefore and by reason of that fact alone, the land became irrevocably chargeable with the payment of such part of the sum secured by the mortgage as was thus deducted.

A brief reference to the principles upon which the property of a grantee has been held liable for the payment of a mortgage debt, resting upon it, shows the fallacy of this claim.

This liability does not rest upon the idea of an irrepealable recognition of the debt, or an irrevocable appropriation of property to its payment, for the right of the grantor to dispute the validity of the mortgage remains unaffected by such a transfer. (*Knickerbocker Life Ins. Co.* v. *Nelson, supra; Cope* v. *Wheeler*, 41 N. Y. 303.)

When real property has been conveyed subject to a mortgage, with condition in the deed, requiring the grantee to assume the payment of such mortgage, it is held that such grantee by the acceptance of the deed impliedly covenants to pay the mortgage debt, and thus becomes personally liable to the mortgagee for such payment.

In such case it is also held that the grantee is precluded from disputing the validity of the mortgage, not on account of any recognition of its validity or because he is estopped in any way from so doing, but simply because, so far as the interest of the mortgagee in the land is concerned, the right thereto has been

withheld from him by his grantor. (*Green* v. *Kemp*, 13 Mass. 515; *Shufelt* v. *Shufelt*, 9 Paige, 145.)

It is held that a right of action, by reason of the grantee's implied covenant, lies in favor of such mortgagee against such grantee to charge him personally with the payment of the mortgage debt, although the consideration for such covenant proceeds from, and the contract is made between other parties. This is sometimes put upon the ground that the grantor, being personally liable to pay such mortgage, and having furnished the consideration by which another assumes his covenant, becomes a surety merely, and the promise will, therefore, inure to the benefit of the creditor through an equitable subrogation to the right of appropriating securities held by his surety for the payment of the principal debt; and sometimes, as in *Burr* v. *Beers* (24 N. Y. 179), *Garnsey* v. *Rogers* (47 id. 233; 7 Am. Rep. 440), upon the ground that a right of action accrues to a person for whose benefit a promise is made, although he is a stranger to the contract and consideration.

To obtain the benefit of this principle it is essential that a mortgagee should establish not only a liability on the part of the grantor to himself for the mortgage debt, but also such a contract between the grantor and grantee as obligates the latter to pay such debt. (*Garnsey* v. *Rogers, supra.*)

This, as we have seen, has not been done in this case.

It was decided in *Hartley* v. *Harrison* (24 N. Y. 170) that upon a right of action accruing on such covenant to the mortgagee it was not within the power of the grantor by subsequent conveyance or agreement to release the grantee from his obligation without the consent of the mortgagee.

This doctrine has not, as we have discovered, been extended to conveyances of land subject to a mortgage unaccompanied by covenants for its payment. The authorities hold where a grantee takes a conveyance of land, subject to the payment of a mortgage existing thereon, although he comes, under no personal liability to pay the same, is not at liberty to contest the existence or validity of such mortgage. This proposition proceeds upon the theory that under such a conveyance, the grantee

therein takes only an equity of redemption in the premises, and, therefore, holds no such title as enables him to secure more than the interest which was intended to be conveyed to him. He is not the privy either in contract or estate of his grantor. (*Sands* v. *Church*, 2 Seld. 347 ; *Hartley* v. *Harrison*, 24 N. Y. 170 ; *Johnson* v. *Zink*, 51 id. 336.)

It is unquestionable that the owner of real property, apparently incumbered by usurious or otherwise invalid mortgages, may convey it in such manner as to enable his grantee to avail himself of such defenses to the enforcement of the mortgages, as exist in favor of the owner. By receiving the absolute title and interest, the grantee becomes the privy in estate of his grantor, and takes the property, subject to the same conditions, and entitled to the same rights as pertained to it in the hands of his grantor. (*Post* v. *Dart*, 8 Paige, 640 ; *Cole* v. *Savage*, 10 id. 583 ; *Dix* v. *Van Wyck*, 2 Hill, 522 ; *Merchants' B'k* v. *Com. Warehouse Co.*, 49 N. Y. 635 ; *Mason* v. *Lord*, 40 id. 476.)

Where, therefore, a grantor conveys a limited right in his property while possessing the power of conveying a greater interest, it follows that such interest as is not thereby conveyed still remains in the grantor, and is capable of being subsequently transferred by him through a conveyance vesting his grantee with the title, discharged of the obligation to pay invalid incumbrances. (*Cope* v. *Wheeler*, 41 N. Y. 311 ; *Berdan* v. *Sedgwick*, 44 id. 626 ; *Knickerbocker Life Ins. Co.* v. *Nelson*, 78 id. 153.) The cases which hold that a grantee of premises, who obtains title thereto under a conveyance making them subject to a mortgage, cannot contest the validity of such mortgage, do so upon the theory that he labors under a disability imposed upon him by his grantor, who has intentionally retained to himself the privity which enables a party to dispute the validity of an apparent lien upon the premises granted.

We see no reason why the grantor does not possess the power to remove this disability by afterward conferring the right which by his prior conveyance he simply withheld from his grantee. While we have been referred to no case which holds

that the mere deduction of the amount of a mortgage from the purchase-price on the sale of lands imposes upon the grantee the duty of suffering his land to be taken in payment of such mortgage, yet we are of the opinion that this fact affords some evidence of the intention of the grantor to subject the property conveyed to the payment of such mortgage. But we also think that such a fact unaccompanied by an agreement to pay the mortgage debt is merely evidence of the existence of the intention, and is neither controlling nor conclusive. It may very well be inferred that such deduction was made for the protection of the vendee against the questionable incumbrance, in which case the mortgagee could derive no benefit from it. (*Berdan* v. *Sedgwick*, 40 Barb. 362 ; affirmed, 44 N. Y. 626 ; *Cope* v. *Wheeler, supra.*)

Upon whatever principle the liability in such case may be predicated, it still depends altogether upon the intent of the grantor in creating it, and if she was under no moral or legal obligation to pay the mortgage debt it would require stronger evidence than exists here to impute such an intent to her from that fact alone. Certainly it would require but slight evidence to overthrow the inference to be drawn from such a circumstance.

The most reliable evidence of the intention of the grantor in making such a transfer of her property must be found in the deed by which the transfer is made, and when that shows, as it does in this case, a clear intention to convey the grantor's entire interest in the land, and to subject it to the payment only of the sum actually owing upon the mortgage, it must be held to be at least sufficient evidence to support a finding to that effect by the trial court. Such a conveyance vests the grantee with the title as it was possessed by the grantor, and enables her to dispute the validity of any claim against the land conveyed, which was open to the grantor to contest. (*Hartley* v. *Harrison, supra ; Berdan* v. *Sedgwick, supra ; Sands* v. *Church, supra.*)

We, therefore, think that the defense existing against this

mortgage was available to the defendant Mrs. Bates, and was sustained by the evidence.

The further question is made that the court below erred in deducting the payment of $1,050, made by Mrs. Bates to the plaintiff, from the amount actually owing upon the mortgage, instead of applying it as a payment of a year's interest thereon. This point is founded upon the claim that such payment having been made specifically for a year's interest upon the mortgage, the defendant Bates is, therefore, precluded from claiming its benefit, as a general payment upon the mortgage.

It having been found by the court below that the mortgage in suit was a valid incumbrance upon the premises mortgaged for only about $4,000, it follows that at the time of this payment the sum of $1,050 was not due and owing thereon for interest.

The question is, therefore, presented whether the defendant Bates is precluded from claiming the benefit of this limited liability, by reason of the payment of $1,050, specifically as interest upon the mortgage in question. To authorize the application of so much of this sum as is in excess of the amount actually due for interest, as a payment upon the mortgage generally, is equivalent to holding that she has the right to recover back that sum by suit from the mortgagee. It is not claimed but that this sum was paid with full knowledge of all the facts attending the transfer of the property mortgaged, and the defenses existing against the mortgage, nor but that the plaintiff claimed that his mortgage was a valid lien for its full amount upon the property therein described. Although we cannot see that by reason of this payment the defendant Bates is estopped from questioning the validity of the mortgage debt, inasmuch as the plaintiff has not changed his position or been prejudiced thereby ( *Waring* v. *Somborn*, 82 N. Y. 604), or that it is affected by the rules governing the application of payments upon valid debts of a distinguishable character, yet it seems to us that this must be held to be a voluntary payment upon a disputed claim, and as such is not recoverable back by the person making it. ( *N. Y. & H. R. R. Co.* v. *Marsh*, 12

N. Y. 308; *Ritter* v. *Phillips* 53 id. 587; *Flower* v. *Lance*, 59 id. 603.)

The disposition of the defendant's claim to have the amount of the Taylor mortgage applied upon the mortgage in suit as a payment thereon by way of recoupment was properly made by the General Term for the reasons stated in the opinion of Judge Rumsey.

The views above expressed lead to a reversal of the judgment, and an order for a new trial with costs to abide the event, unless the defendants Chester S. and Mary A. Bates stipulate to allow judgment to be entered in favor of the plaintiff herein, as ordered by the court at Special Term, modified so as to provide for the recovery of a principal sum of $3,803.23, with interest thereon at the rate of seven per cent per annum from May 10, 1877, to May 10, 1881, and at six per cent thereafter; and in case such stipulation be given, the judgment, as it shall be thus modified, should be affirmed, without costs of this appeal to either party.

All concur.

Ordered accordingly.