PITKIN v. CLAYTON et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. ACCOMMODATION NOTES—ASSIGNMENT—INDORSEMENT—NOTICE.

A wife executed an accommodation note to her husband's order, and he indorsed it to a third person, who took a mortgage from the wife to secure it, providing that it should be of no effect on payment of the note. The note and mortgage being transferred to the husband, he assigned them before maturity as collateral for a note given assignee, stating to him that they had been originally given to raise money on. *Held*, in fore-

closure of the mortgage for nonpayment of the latter note, that the assignee, having taken the first note by assignment rather than indorsement, took it subject to the equitable defense of the infant heirs of the wife that it was satisfied when it was returned to the husband.

2. SAME—FUNCTUS OFFICIO.
The note became functus officio in the hands of the accommodation payee as to the maker and her next of kin.

3. SAME—NOTICE.
The assignee, having notice of its accommodation character, took it at his peril.

Appeal from special term, Kings county.

Suit by Frederick E. Pitkin, as executor of the will of George D. Pitkin, deceased, against James S. Clayton and others. There was a decree for plaintiff, and defendants other than Clayton appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Andrew F. Van Thun, Jr., and Cyrus V. Washburn, for appellants.

J. Alexander Stitt, for respondent.

WOODWARD, J. On the 10th day of March, 1890, Frances A. Clayton, wife of the defendant James S. Clayton, and the mother of the infant defendants and the defendant Francis T. Clayton, made and executed a real-property mortgage to secure the payment of a note made on the 1st day of February, 1890. This note was made by Frances A. Clayton, and payable to the order of James S. Clayton, in the sum of $3,000, and indorsed by James S. Clayton to Helen R. Sumner. The mortgage contained a provision that it should cease to be of effect upon the payment of this note, which was to fall due five years after its date. Helen R. Sumner assigned the said mortgage, together with the said note (the latter also by indorsement), to William M. Polk on the 19th day of November, 1891. On the 14th day of July, 1892, Polk assigned the said mortgage and note to Helen R. Sumner. On the same day Helen R. Sumner assigned the said mortgage and note to James S. Clayton, the assignment reciting that the mortgage was "granted, bargained, sold, assigned, transferred, and set over, * * * together with the bond or obligation therein described, and the money due and to grow due thereon, with the interest." The note and mortgage thus became the property of the defendant James S. Clayton, husband of the maker of the note and mortgage; and while the pleadings, from the nature of the case (most of the defendants being infants), do not clearly raise the issue, there was evidence that the note and mortgage were given for the accommodation of the defendant James S. Clayton. The peculiar obligation which rests upon courts of equity to safeguard the rights of infants justifies a more careful inquiry upon this point than seems to have been accorded. After the note and mortgage had come into the ownership and possession of James. S. Clayton, he assigned them to the plaintiff as collateral security for the payment of a note of $2,000. Default having been made in the payment of this latter

note, the present action was brought to foreclose the mortgage. The $3,000 note having been transferred to the plaintiff by assign- ment, rather than by indorsement, he did not take the note free from the equities of the infant defendants; and the plaintiff, as assignee of the mortgage, took it subject to all of the equities that might be urged against the assignor. Merkle v. Beidleman, 30 App. Div. 14, 51 N. Y. Supp. 916; Bennett v. Bates, 94 N. Y. 354; Bank v. Bingham, 118 N. Y. 349, 355, 23 N. E. 180. If, then, the note and mortgage were made for the accommodation of the de- fendant James S. Clayton (and the plaintiff testifies that Mr. Clay- ton told him that they were made for this purpose at the time he took the note and mortgage as collateral security for the loan of $2,000), when they were assigned to him by Helen R. Sumner they had fulfilled the purpose of their being, and they could not again be negotiated to the prejudice of the rights of the children of Mrs. Clayton. James S. Clayton, if the note and mortgage were issued for his accommodation, was the primary obligor, and payment by him canceled the instruments. Griffith v. Reed, 21 Wend. 502, 505. The plaintiff appears to have had notice of the fact that the note and mortgage were made for the accommodation of the defendant James S. Clayton, and he therefore took the in- struments at his peril. Bank v. Weston, 31 App. Div. 403, 52 N. Y. Supp. 315. We are not satisfied that the plaintiff has any such equities, as against the children of Mrs. Clayton, as to entitle him to the judgment in this action. The evidence is that the defendant James S. Clayton told the plaintiff that the note and mortgage were given to enable him to raise money; and, the instruments having served the purpose for which they were executed, the rights of the other defendants in the mortgaged property intervened, and they could not be devested by the acts of the defendant James S. Clayton in renegotiating the instruments as security for his own indebtedness. The judgment appealed from should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.