LEOPOLD ZIMMERMANN, as Sole Surviving Executor, etc., of DAVID KLAUBER, Deceased, Appellant, v. ALBINA KLAUBER and BERTHA ABELES, Individually and as Executrix, etc., of ALBERT KLAUBER, Deceased, Respondents, Impleaded with Others.

First Department, June 10, 1910.

#### Mortgage — interest clause construed.

Where a mortgage provides for interest at four per cent per annum "until the aforesaid principal sum shall be paid" that rate prevails up to the date of the entry of judgment.

APPEAL by the plaintiff, Leopold Zimmermann, as sole surviving executor, etc., from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of April, 1910, as directs that the interest be computed upon the mortgage herein at the rate of four per centum per annum from January 2, 1909, and not at the legal or statutory rate.

*Alfred Epstein*, for the appellant.

*Arthur J. McClure*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, on opinion of the court below.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, SCOTT and DOWLING, JJ.

The following is the opinion delivered at Special Term:

GREENBAUM, J.:

Motion for judgment upon the pleadings.* The action is for foreclosure of a mortgage in which the rate of interest was stipulated at four per centum per annum "until the aforesaid principal sum shall be paid." By the terms of the mortgage the principal became due on January 2, 1905. The complaint alleges the payment of interest at the rate of four per centum down to the 2d day of January, 1909, and demands judgment for $20,000, the principal sum, with

---

* See Code Civ. Proc. § 547.— [REP.

interest thereon from January 2, 1905, to January 2, 1909, at the rate of two per centum per annum, and interest at the rate of six per centum from January 2, 1909. The answer presents no issuable question of fact, and the only question that arises upon the pleadings is whether plaintiff is entitled to interest at the rate of six per centum from January 2, 1905, the due date of the mortgage. The authorities in this State touching the point under discussion might upon a superficial reading indicate that the plaintiff's contention is correct, but an analysis of the cases establishes to my mind a contrary conclusion. The general rule is summed up in the recent case of *Pryor* v. *City of Buffalo* (197 N. Y. 123, 143) as follows: " That the rate of interest is fixed by the contract to pay money up to the time of default, but after breach the rate of interest is determined, not by the contract, but by statute." The court cites the leading cases bearing upon this subject, among others *Ferris* v. *Hard* (135 N. Y. 354), which was the case of a foreclosure of a mortgage which provided for the payment of the principal in form of annual installments, " and the sums remaining from time to time unpaid were to bear interest at 7 per cent." The court held that if an installment were not paid when due the contract was violated, and interest after that upon such installment could only be recovered as damages and at the rate of interest authorized by law, citing *Bennett* v. *Bates* (94 N. Y. 354) and *O'Brien* v. *Young* (95 id. 428). In *O'Brien* v. *Young* (*supra*, at p. 430) it is stated: " But when the contract provides that the interest shall be at a specified rate *until the principal shall be paid*, then the contract rate governs *until payment of the principal*, or until the contract is merged in a judgment." The opinion in *Ferris* v. *Hard* (*supra* at p. 365) expressly distinguishes the case then before the court from one where the agreement is " to pay interest on a principal sum at 7 per cent, *until the principal sum is paid*, such as the case of *Taylor* v. *Wing* (84 N. Y. 471, 477)." The rule deducible from these authorities seems to be that where the parties have stipulated for the payment of interest at a fixed rate " until the principal sum is paid," that rate will prevail up to the date of entry of judgment, but where a rate of interest is provided for the payment of moneys without any such limitation as above quoted the rate is determined as fixed by the contract up to the time of

First Department, June, 1910. [Vol. 139.

default and thereafter at the legal rate fixed by statute. It follows, therefore, that plaintiff is entitled to a decree of foreclosure for non-payment of the principal sum of $20,000, with interest thereon at the rate of four per cent. Judgment will accordingly be directed.