CENTRAL NAT. BANK OF BOSTON *v.* HAZARD and others.

*(Circuit Court, N. D. New-York. March 24, 1887.)*

1. RAILROAD COMPANIES — INSOLVENCY—RECEIVER'S CERTIFICATES — NEGOTIABILITY.
    Receiver's certificates are not commercial paper, and the holder takes them subject to all equities between the original parties, even though he acquired them for value and without notice.

2. SAME—PURCHASED AT DISCOUNT.
    When such certificates are negotiated at a discount, which the receiver is not authorized to allow, a subsequent *bona fide* holder will only be protected to the amount actually advanced by the first purchaser.

3. SAME—SALE AFTER ISSUE OF CERTIFICATE—RIGHTS OF PURCHASERS.
    Purchasers at a judicial sale of the property and franchises of a railroad company, "subject to the payment of the undue principal and interest" on certain receiver's certificates of indebtedness previously issued by order of the court, or persons acquiring title through such purchasers, cannot resist the payment of the certificates on the ground that the receiver negotiated them collusively, and with less benefit to the trust fund than should have been realized. They have no interest in the trust fund represented by the certificates, and it is immaterial to them whether they were or were not negotiated on fair terms, and for the best interests of the fund.

4. SAME—ESTOPPEL.
    Purchasers, and all others claiming under purchasers at a judicial sale, are concluded by the decree authorizing the sale, and estopped from questioning the validity of receiver's certificates of indebtedness, subject to the payment of which the sale was decreed to be made.

5. SAME—PURCHASER'S DEED—ESTOPPEL.
    Where the deed to purchasers at a judicial sale expressly provides that such sale is "subject to the payment of the undue principal and interest" on certain certificates of indebtedness of the railroad whose property and franchises were the subject-matter of the sale, such purchasers, and all persons claiming by derivative title from them, are estopped by the deed from denying the lien of the certificates for the whole principal and interest due upon them.

6. ESTOPPEL—BY JUDGMENT—PRIVIES.
    Every person is a privy to a judgment whose succession to the rights of property thereby affected occurred subsequently to the commencement of the suit. Thus a grantee is estopped by a judgment against his grantor, because he holds by a derivative title from such grantor.

*Thomas G. Sherman* and *Robert Ludlow Fowler*, for defendants.
*Matthew Hale* and *Mr. Hyde*, for complainant.

WALLACE, J. The complainant is the owner of receiver's certificates for $250,000, part of an issue amounting in all to $350,000, created under authority of an order of the supreme court of the state of New York. That order was made in an action pending in that court, brought by one Sackett, for himself and other bondholders of the Lebanon Springs

Railroad Company, to adjudge such bondholders the equitable owners of the franchises and property of that company, and to obtain a decree for the sale of the same for their benefit. During the pendency of that action a receiver of the railroad company was appointed, and April 2, 1881, an order was made by the court whereby the receiver was authorized and directed to issue certificates of indebtedness for $500 each, payable in five years, with interest at 6 per cent., with interest coupons attached, payable on the first day of January and July in each year, in the aggregate amount of $350,000. The order directed that the receiver negotiate such certificates, and apply the proceeds to the repair and the managing and operating of the railroad. By the terms of the order the certificates were declared to be a first lien on the railroad, and all the property of every kind in the possession of the receiver; and it was provided that, in case of any sale under any decree of the court, the certificates should be first paid from the moneys realized thereupon, and that, in case the railroad property and franchises on any sale thereof should not bring sufficient to pay the principal and interest due on the certificates, then the purchaser should assume, as a first lien thereon, so much of the principal as at the time should remain outstanding and unpaid, with interest thereon. By the final decree of the court in that action the relief sought by the plaintiff therein was substantially granted, and the property and franchises of the railroad company were adjudged to be sold at public sale for the benefit of the bondholders. By that decree the receiver's certificates issued under the order before referred to were recited as amounting in the aggregate to $350,000, and were declared to be a first lien upon the property and franchises, to the amount of principal and interest unpaid thereon, as provided by the order by which they were originally authorized. The decree directed that the referee to whom it was referred to make such sale sell the property and franchises of the railroad company, "subject to the payment of the undue principal and interest of the before-mentioned receiver's certificates." The present bill is filed by the complainant, for himself and all others similarly situated, to have the unpaid principal and interest of such certificates adjudged to be a lien upon the property sold under that decree, and to enforce the lien by a sale of the property. The defendants were the purchasers at the sale, or have acquired title under such purchasers. The deed executed by the referee to the purchasers at the sale, bearing date October 23, 1885, recites that the conveyance is subject to the payment of the undue principal and interest on the certificates.

The defendants do not contest the validity of the certificates, but they claim that the receiver negotiated them collusively with one Crane, so that there was derived from them, for the benefit of the trust fund, a sum considerably less than ought to have been realized; and they insist that, as these certificates are not negotiable paper, the holders can enforce them only for the amount paid for them by the person to whom they were originally transferred by the receiver. The defendants are not in a position to litigate such a defense. Receiver's certificates are not commercial paper, and the holder takes them subject to all equities between

the original parties, even though he acquires them for value and without notice; and when they are negotiated at a discount, which the receiver is not authorized to allow, a *bona fide* holder will only be protected to the amount actually advanced by the first purchaser. *Stanton* v. *Alabama R. Co.*, 2 Woods, 506; *Union Trust Co.* v. *Chicago, etc., R. Co.*, 7 Fed. Rep. 513; *Bank of Montreal* v. *Chicago R. Co.*, 48 Iowa, 518; *Turner* v. *Peoria R. Co.*, 95 Ill. 134. But the defendants have no interest in the trust fund represented by the certificates; and it is wholly immaterial to them whether the certificates were or were not negotiated upon fair terms, and for the best interests of the fund. The purchasers at the sale under the decree, and every person claiming under such purchasers, are estopped from contesting the validity of the certificates, or questioning the amount for which the certificates were declared to be a lien upon the property purchased. The decree adjudicated the certificates to be a lien to the extent of the principal and interest unpaid upon the entire issue of $350,-000. The defendants are privies to that judgment, and are concluded by it equally with the original parties to the suit. Every person is a privy to a judgment whose succession to the rights of property thereby affected occurred subsequently to the commencement of the suit. Every grantee is estopped by the judgment against his grantor, because he holds by a derivative title from such grantor. Freem. Judgm. § 162; *Adams* v. *Barnes*, 17 Mass. 367; *Campbell* v. *Hall*, 16 N. Y. 575, 579. In *Swann* v. *Wright's Ex'rs*, 110 U. S. 590, 4 Sup. Ct. Rep. 235, a decree in a mortgage foreclosure provided that the sale of the mortgaged property should be made subject to the payment of all receiver's certificates which had been established as valid by prior decrees in the suit or by that decree, and it was held that the purchaser at the sale could not contest the lien of certificates, the validity of which had been established by an interlocutory decree, even upon the ground of concealment and fraud subsequently discovered, by which, as was alleged, the decree had been obtained.

Irrespective of the estoppel by the decree, the defendants cannot be heard to assert that the certificates are not a lien for the whole principal and interest due upon them. They are estopped because the deed executed by the referee, which is the source of the title of the defendants, conveyed the property "subject to the payment of the undue principal and interest" on the certificates. *Horton* v. *Davis*, 26 N. Y. 495; *Freeman* v. *Auld*, 44 N. Y. 50; *Parkinson* v. *Sherman*, 74 N. Y. 88; *Grissler* v. *Powers*, 81 N. Y. 57.

Although the certificates are a lien to the extent of the principal and interest unpaid upon them at the time of the decree, it is open to the defendants to establish that this is less than the face of the obligations. But the contention that, within the meaning of the decree, the amount of the lien is the sum for which the certificates could be enforced by the holders against the trust fund upon an application to the court made in the suit before the decree, is not tenable. The meaning of the decree is plain. The decree directed the referee to pay out of the proceeds of the sale all the interest on the receiver's certificates which would accrue up

to the time of the sale, and the provision that the sale should be subject to the payment by the purchasers of the "undue principal and interest on the certificates" was intended to denote that interest falling due between the date of the decree and the time of the sale should be paid out of the proceeds, while the interest which would fall ·due after the sale should remain a lien against the property as well as the principal. The unpaid principal and interest, or, as it is expressed in the decree, the "undue principal and interest," is what was unpaid, according to the tenor of the obligations, at the time of the sale under the decree.

There is no merit in the point taken by defendants that complainant has not established the authenticity of its certificates as those which were issued by the receiver. The authentication of the trustee is not the only evidence that the obligations in suit belong to the authorized issue, although it may be the best evidence. Their genuineness is shown by other evidence; and, as they were put in evidence without any objection that their authenticity could not be proved by secondary evidence, that objection cannot now be urged.

A decree is ordered for the complainant for the relief prayed in the bill.