ELIJAH F. PURDY et al., Respondents, *v.* MARY JANE COAR, Impleaded, etc., Appellant.

In the absence of proof to the contrary, the presumption is that a deed was delivered at its date.

A grantor cannot estop his grantee by a certificate, executed after the conveyance, declaring a previously executed mortgage to be a valid incumbrance upon the land conveyed.

The acceptance of a deed containing a statement that the conveyance is made subject to all liens of mortgages does not estop the grantee from contesting the validity of a mortgage; the existence and validity of any such lien is not conceded, and the grantee may show that what purports to be is not, in fact, an incumbrance, subject to which he purchased.

*Purdy* v. *Coar* (13 Daly, 449) reversed.

(Argued April 18, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New

York, entered upon an order made January 7, 1886, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term. (Reported below, 13 Daly, 449.)

This action was brought to foreclose a mortgage executed by defendant Coar and his wife, the defendant Mary J. Coar, who alone defended.

The facts are sufficiently stated in the opinion.

*John H. Corwin* for appellant. The rights of the defendant, Mary J. Coar, could not be affected by any act or representation of John Coar, done or made after the deed to her was made by Marshall; nor, indeed, did his acts or representations made at any time bind her. (*Schafer* v. *Reilly*, 50 N. Y. 61; *Berdan* v. *Sedgwick*, 44 id. 626; *Smith* v. *Fellows*, 41 Sup. Ct. Rep. [9 J. & S.] 36; *Marcy* v. *Dunlop*, 5 Lans. 365.) One who takes an assignment of a mortgage takes it subject not only to any latent equities that exist in favor of the mortgagors, but also subject to the like equities in favor of third persons. (*Schafer* v. *Reilly*, 50 N. Y. 61; *Bush* v. *Lathrop*, 22 id. 535; *Trustees Union Col.* v. *Wheeler*, 61 id. 88; *Greene* v. *Warnick*, 64 id. 220; *Crane* v. *Turner*, 67 id. 437; *Viele* v. *Judson*, 82 id 32; *Ingraham* v. *Disborough*, 47 id. 421; *Davis* v. *Bechstein*, 69 id. 440; *Green* v. *Fry*, 93 id. 357; *De Lancy* v. *Stearns*, 66 id. 157; *Reid* v. *Sprague*, 72 id. 457.) The date of record is not evidence of the date of delivery of a dated instrument; the presumption is that the date of the instrument is the date of its delivery even when the date of acknowledgment is subsequent. (*Robinson* v. *Wheeler*, 25 N. Y. 260; *People* v. *Snyder*, 41 id. 397, 402.) Admissions of one joint contractor, unless they be partners, do not bind the other. (*Wallis* v. *Randall*, 81 N. Y. 164; *Smythe* v. *Munroe*, 84 id. 354; *Weyh* v. *Boylan*, 85 id. 394.) Mrs. Coar is not estopped from setting up her defense because she knew that the mortgage in which she joined was in the hands of Walker. (*Davis* v. *Bechstein*, 69 N. Y. 440; *Viele* v. *Judson*, 82 id. 32.)

*S. W. Rosendale* for respondents. The defendant was estopped by the certificate of John Coar, the mortgagor. (*Smyth* v. *Munroe*, 84 N. Y. 354; *Weyh* v. *Boylan*, 85 id. 394.) In the absence of fraud, if the parties have a joint interest as plaintiff or defendant, an admission made by one is, in general, evidence against all. (1 Greenl. Ev. § 174.) The defendant is estopped by the terms of the deed to her grantor, which was " subject to the mortgage," and she took the same title. (*Belmont* v. *Coman*, 22 N. Y. 440; *Bennett* v. *Bates*, 94 id. 354, 370, 371; 1 R. S. 143; *Russell* v. *Allen*, 10 Paige, 249; *Vanderkemp* v. *Shelton*, 11 id. 28.) Exceptions to conclusions of law, where cause is tried without a jury or by referee, are indispensable to raise any question for review. (*Russell* v. *Duflou*, 4 Lans. 406; *Weed* v. *N. Y. & H. R. R. Co.*, 29 N. Y. 616; *Enos* v. *Eigenbrodt*, 32 id. 444.) In an equity case a new hearing will not be granted or judgment reversed merely on the ground that proper evidence was rejected at the trial, if, on all the facts and circumstances, the court is satisfied the result ought not to have been different if such testimony had been received. (*In re N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 342, 347; *Porter* v. *Smith*, [Ct. of App. 1887], 10 Cent. Rep. 271; *Demont* v. *Niarpaes* [Gen. Term, Fourth Dept. 1879], 8 W. D. 94; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506.)

FINCH, J. This is a case in which dates are of importance. On September 8, 1884, one John Coar was the owner of the premises now in controversy. On that day he made and executed to one Frederick C. Walker a bond and mortgage to secure $7,000 and interest. Two days later, and on September tenth, Coar conveyed the property to Marshall and the latter to Mrs. Coar, the present defendant. In the absence of any proof to the contrary, it must be presumed that these deeds were delivered at their date. (2 Greenl. on Ev. § 297; *Van Rensselaer* v. *Vickery*, 3 Lans. 59; *Elsey* v. *Metcalf*, 1 Denio, 323; *Harris* v. *Norton*, 16 Barb. 264.) On September twelfth the mortgage to Walker was recorded. On

September fourteenth, as appears by its date, Coar signed a certificate that the Walker mortgage was a good and valid security and that there was no defense to it. He had then ceased to be the owner of the property and had no authority from his wife, who was owner, to make such representation. On September twenty-third the deed to Mrs. Coar was put on record, and thereafter and while the record title was in her, and on the fourteenth of October, the Walker mortgage was assigned to the present plaintiffs, who bought it in reliance upon Coar's certificate. That assignment was recorded October fifteenth. For default of payment this action was commenced to foreclose the mortgage. Mrs. Coar defended, alleging that no consideration passed from Walker; that she signed the mortgage supposing that the consideration named had been paid; that the plaintiffs gave no consideration for the assignment; and that the mortgage was void for want of consideration. Upon the trial she sought to prove this defense in various ways, but all her efforts were baffled by the ruling of the court that she was estopped by her husband's certificate made when he had ceased to have any interest in the land, and when she alone had become the owner. She called her husband as a witness and asked him to state "all the facts concerning the inception and continuance of the mortgage." The question was objected to as incompetent and immaterial and because the witness was estopped by his certificate from attacking the mortgage. But he made no such attack. He put in no answer and was not defending the action. Granting that he was estopped as a party, his evidence was admissible in behalf of his wife unless she also was estopped by the certificate. She asked what consideration he received from Walker; and whether his wife knew of the sale of the mortgage to plaintiffs. All these inquiries were excluded. She attempted also to assail the consideration sworn to by plaintiffs as the basis of their purchase. She asked how the cabinet-work of which he spoke was paid for; and whether Coar's notes, which the plaintiffs surrendered, were at that time due. These questions were not allowed to be answered. By these rulings the whole

defense pleaded was made unavailable, judgment went for the plaintiffs, which was affirmed by the General Term upon the ground that the certificate of the husband estopped the wife. That learned court seem guided by a conviction that the certificate was made before the conveyance to Mrs. Coar, and the result is arrived at by presuming that the certificate was delivered at its date, although all the facts rebut that presumption, but that the deed to Mrs. Coar was not delivered at its date, although all the facts favor that presumption. And this error is intensified by the suggestion that there is no proof when that deed was delivered. The defendant offered to show that when her husband made the arrangement · with the plaintiffs for a sale of the mortgage it was after the deed had been delivered to her by Marshall. This was excluded. Now the certificate had no force or validity until it operated as an estoppel, and that could not occur to Walker, for he took the mortgage two days before the certificate was made, and it could not occur as to plaintiffs until they purchased on the faith of it; and so the defendant did not prove that she got her deed before the certificate became operative, simply because she was not allowed to; and, besides, if we depend on the record for the date of the delivery of her deed, that still antedates the certificate as an operative instrument, for the assignment to plaintiffs was some time after, and, until they bought, the certificate was no better than blank paper, unless for the possible purpose of, at some time, contradicting the writer. So that the question returns whether a grantor who has conveyed can thereafter estop the grantee by a certificate declaring a previously executed mortgage to be a valid incumbrance upon the grantee's property. We think not. He may estop himself, but has lost the power to affect by his declarations the title of his grantee.

But beyond the argument of the General Term we are met by suggestions of the learned counsel for the plaintiffs, which do not depend upon the effect of the certificate, and which demand serious consideration. He contends that Mrs. Coar, the defendant, was merely the purchaser of an equity of

redemption, and took subject to the mortgage, and so cannot contest it. (*Bennett* v. *Bates*, 94 N. Y. 354.) The pith of the doctrine is that the circumstances of the purchase amount to an admission of the validity and lien of the outstanding incumbrance. But there was no such admission by Mrs. Coar. She did not take subject to the Walker mortgage, describing or identifying it as such, nor did Marshall, as grantee of Coar. The latter's deed contains this language : " Subject, nevertheless, to all liens of mortgages and taxes thereon." Acceptance of this deed did not admit that there were any such liens. If they existed, the title was subject to them, but their existence and validity was not conceded. The defendant seeks to show that what is now claimed to have been a mortgage was not such, and was not a lien on the land, and so was not one of the incumbrances subject to which she purchased. She did not buy subject to all apparent and pretended and invalid mortgages that could be set up, but subject to mortgages that were a lien, and so actual and real and valid. It is said she knew all about this mortgage because she signed it. I think that is true, but *what* she knew about it she was not permitted to tell. She may have known that it was not a valid mortgage as against her when she took her deed and declined to buy subject to it, while quite willing to take title subject to mortgages that were, in truth, a lien on the property. That would account for the peculiar phraseology of the deed, and the careful omission to recognize or identify this particular instrument as a mortgage at all. It may very well be that upon the undisclosed facts in this case the land in Mrs. Coar's hands is equitably bound by the plaintiff's mortgage, but we cannot prejudge the case or assume that the facts will be proved precisely as we suspect they existed. The defendant has a right to make her defense, if she can, but so far has been denied a hearing.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.