JAMALIE SHOHFI, Respondent, *v.* ESSA SHOHFI et al., Appellants.

Argued May 29, 1951; decided January 10, 1952.

*Monroe J. Cahn* for appellants. I. Ordinarily section 47-a of the Civil Practice Act would be a complete bar to this action, entitling defendants to dismissal of the complaint and judgment on their counterclaim. (*Chapin* v. *Posner,* 299 N. Y. 31; *Kirschner* v. *Cohn,* 270 App. Div. 126; *Ernst* v. *Schaack,* 271 App. Div.

1012, 297 N. Y. 566; *Jackson Heights Apt. Corp.* v. *Staats*, 272 App. Div. 780; *Rookery Investing Co.* v. *Audley Constr. Corp.*, 188 Misc. 693; *Eagan* v. *Engeman*, 125 App. Div. 743; *Central Hanover Bank & Trust Co.* v. *Roslyn Estates, Inc.*, 266 App. Div. 244, 293 N. Y. 680.) II. The prior judgment, according to its explicit terms, did not adjudicate the amount, if any, due or owing on the mortgage but left that question open for subsequent adjudication in a proper action. (*Maggi* v. *Sabatini*, 250 N. Y. 296; *Percy* v. *Huyck*, 252 N. Y. 168; *Sears, Roebuck & Co.* v. *9th Ave.–31 St. Corp.*, 274 N. Y. 388.) III. The prior judgment conclusively adjudicated that by the 1934 conveyance the wife did not become the owner of the premises but merely the husband's agent; in consequence, the reconveyance compelled by the prior judgment was not by the wife as owner but as agent returning the record title to the husband who, at all times, had been the actual owner. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 N. Y. 239; *Hellstern* v. *Hellstern*, 279 N. Y. 327; *Pagano* v. *Arnstein*, 292 N. Y. 326.) IV. When construed, as it must be in the light of the provisions of the judgment which compelled its execution, the reconveyance had no effect upon the enforcibility of the mortgage. V. The Statute of Limitations could be avoided only by compliance with section 59 of the Civil Practice Act which requires a written acknowledgment by the party to be charged. That party was the husband and since he made no such acknowledgment, there was no extension. (*Bennett* v. *Bates*, 94 N. Y. 354; *Purdy* v. *Coar*, 109 N. Y. 448; *Matter of Oakes*, 248 N. Y. 280; *Morrill Realty Corp.* v. *Rayon Holding Corp.*, 254 N. Y. 268; *Miller-Piehl Co.* v. *McCormick*, 170 Wis. 378.)

*William F. Bleakley, James D. Hopkins* and *J. Robert Bleakley* for respondent. I. The acceptance of the deed to the premises subject to the mortgage of $10,000, pursuant to a judgment in an action instituted by defendant Shohfi, constituted an acknowledgment of the mortgage which effectively tolled the Statute of Limitations. (*Bennett* v. *Bates*, 94 N. Y. 354; *McConihe* v. *Fales*, 107 N. Y. 404; *Morrill Realty Corp.* v. *Rayon Holding Corp.*, 254 N. Y. 268; *Cottle* v. *County of Erie*, 57 App. Div. 443, 173 N. Y. 591; *Moore* v. *Clarke*, 40 N. J. Eq. 152; *American Investment Co.* v. *City Sav. Bank*, 181 Okla. 511;

*Texas Land & Mtge. Co.* v. *Cohen,* 138 Tex. 464; *Crompton* v. *Jenson,* 78 Utah 55; *Liebl* v. *Schaeffer,* 134 Wash. 168; *Meinhard* v. *Salmon,* 249 N. Y. 458; *Barnett* v. *Daw,* 55 App. Div. 202; *Union Trust Co.* v. *Johns,* 107 Misc. 12.) II. Appellant Shohfi is estopped by his conduct and by his words from contesting the enforcement of the mortgage on the ground of the Statute of Limitations. (*Andrews* v. *Cosmopolitan Bank,* 183 App. Div. 787; *Strong* v. *Smith,* 149 Misc. 80; *Matter of Rosevele Frocks* v. *Sommers,* 191 Misc. 614; *Lightfoot* v. *Davis,* 198 N. Y. 261; *Johnson* v. *Albany & Susquehanna R. R. Co.,* 54 N. Y. 416; *Conklin* v. *Furman,* 48 N. Y. 527; *Dodds* v. *McColgan,* 229 App. Div. 273; *Zinovoy* v. *Lieberman,* 249 App. Div. 388; *Speciale* v. *Sciascia,* 263 App. Div. 901; *Safrin* v. *Friedman,* 96 N. Y. S. 2d 627, 277 App. Div. 1138.) III. Equitable principles require that respondent and appellant Shohfi be placed in the same relative position which they occupied prior to the conveyance of the title of the premises by respondent to appellant in 1934. (*Hammer* v. *Michael,* 243 N. Y. 445; *Grosch* v. *Kessler,* 256 N. Y. 477; *Williams* v. *Fitzhugh,* 37 N. Y. 444.)

LOUGHRAN, Ch. J. The plaintiff Jamalie Shohfi is the wife of the defendant Essa Shohfi. In 1925, she acquired in her own name a parcel of real property which in 1929 she conveyed to the defendant husband who then delivered to her a purchase-money mortgage on that property to secure a bond whereby he undertook to pay to her the sum of $10,000. On or about December 16, 1949, this action to foreclose that mortgage was brought by the plaintiff wife against the defendant husband and was referred to Honorable J. ADDISON YOUNG, Official Referee, for hearing and determination. We quote from his decision the following findings:

" On February 2nd, 1934 the defendant husband reconveyed the premises to the plaintiff wife. This conveyance expressly provided that the mortgage should not merge.

" On about February 20th, 1947 the defendant husband, Essa Shohfi, commenced an action in this Court [the New York Supreme Court] against his wife, the plaintiff herein, demanding judgment that he should be declared the owner of one-half of the real and personal property in his wife's name.

" That action was duly tried before Judge CLOSE as Official Referee and resulted in a decision and interlocutory judgment

to the effect that the conveyance of February 2nd, 1934 above referred to, was made, ' upon the understanding and agreement that she, the wife (Jamalie Shohfi) should manage the same for him (Essa Shohfi);' and provided that the premises should be reconveyed to the defendant Essa Shohfi, ' subject only to the mortgage thereon * * * no adjudication being made as to the amount, if any, due or owing upon said mortgage ' ''.

" The mortgage provided that interest thereon should be at the rate of 6% per annum, payable on the 23rd day of July 1929 and semi-annually thereafter, together with installments of principal of $300.00 on each interest date until January 23rd, 1934 when the whole amount of the principal remaining unpaid should be due and payable.

" It is conceded that no part of the principal of this mortgage has been paid.

" It is likewise conceded that no interest has been paid on the principal of the mortgage since July 23rd, 1933."

" Concededly, on January 29th, 1934 default was made in the payment of interest and the moratorium statute no longer forbade the foreclosure of the mortgage, nor suit upon the bond, in consequence of which plaintiff was at all times thereafter free to bring foreclosure. Under these circumstances, Section 47 (a) [of the Civil Practice Act] operated to limit the period of foreclosure, as though the moratorium statute had never been enacted."

In keeping with the above findings, Official Referee Young (1) dismissed the complaint of the plaintiff wife upon the ground that enforcement of the bond and mortgage was barred by the Statute of Limitations prescribed by section 47-a of the Civil Practice Act; and (2) granted to the defendant husband a judgment canceling the record of the mortgage. (See Real Property Law, art. 15.)

On an appeal taken by the plaintiff wife to the Appellate Division, the decision of Official Referee Young was reversed on the law alone for a single reason stated as follows (277 App. Div. 390, 393):

" When a grantor of mortgaged premises conveys real property subject to an existing mortgage, the recital of the mortgage in the deed constitutes an acknowledgment which will remove

the bar of the Statute of Limitations as to the grantor. The grantee who accepts title by a deed in which it is expressly stated that it is conveyed subject to a mortgage is bound by the acknowledgment of the grantor. * * *

" On July 16, 1948, when plaintiff conveyed title to the premises to the defendant husband subject to the $10,000 mortgage, pursuant to a judgment in an action which he instituted and whose benefits he accepted, this constituted a recognition of the mortgage debt by both parties which tolled the Statute of Limitations and the husband was not thereafter at liberty to contest the existence or validity of the mortgage. (*Bennett* v. *Bates,* 94 N. Y. 354, 370.) However, there being no written acknowledgment by the husband of the indebtedness on the bond, the Statute of Limitations remains a defense to him as to that obligation and the plaintiff may not recover a deficiency judgment against him." In accordance with its views as thus expressed, the Appellate Division made additional findings of fact and new conclusions of law which were merely a necessary basis for a judgment of foreclosure and sale and granted such a judgment to the plaintiff wife.

But at the same time all the above findings of fact made by Official Referee YOUNG were expressly affirmed by the Appellate Division. Besides, a final judgment had been entered upon the findings made by Official Referee CLOSE which are set forth in the decision of Official Referee YOUNG and that final judgment has never been questioned except in one particular which has no relevancy to the present case (see 276 App. Div. 869).

Section 47-a of the Civil Practice Act says: " An action * * * upon a mortgage of real property, or any interest therein, must be commenced within six years after the cause of action has accrued." This provision went into effect on September 1, 1938.

In short, we have this case: The principal of the mortgage in question became payable on January 23, 1934. No part thereof has ever been paid. The interest that was payable on January 23, 1934, was not paid nor was any interest paid thereafter. Moreover, the plaintiff wife in her amended complaint herein expressly waived all interest that became due prior to July 16, 1948. The summons in this action to foreclose the mortgage was not served until on or about December 16, 1949,

although no moratorium statute stood in the way of foreclosure after January, 1934. Hence section 47-a of the Civil Practice Act was a bar to this action at its commencement unless indeed (as the Appellate Division ruled) section 47-a was tolled when on July 16, 1948, the plaintiff wife reconveyed to the defendant husband the mortgaged premises " subject to " the previously outlawed mortgage thereon.

We find ourselves unable to agree to that ruling of the Appellate Division. The principle that acceptance of a title subject to a mortgage can interrupt or suspend the Statute of Limitations has never been declared by this court to be a hard and fast rule. On the contrary, the principle applies, as we have said, only when " the circumstances of the purchase amount to an admission of the validity and lien of the outstanding incumbrance " (*Purdy* v. *Coar,* 109 N. Y. 448, 453; *Morrill Realty Corp* v. *Rayon Holding Corp.,* 254 N. Y. 268, 275). In the present case, there was no purchase of the mortgaged premises by the defendant husband. In fact the premises were reconveyed to him by the plaintiff wife in obedience to a now incontestable final judgment of the New York Supreme Court which declared that his earlier conveyance to her was executed " upon the understanding and agreement that she should manage the same for him ". True, the same final judgment declared that her reconveyance to him should be " subject to " the mortgage but that judgment also declared that no adjudication was thereby made " as to the amount, if any, due or owing upon said mortgage ". In that state of the record, the acceptance by the defendant husband of the plaintiff wife's reconveyance to him of his own property subject to the already outlawed mortgage thereon cannot, in our judgment, be taken to have been an admission by him of the validity and lien of that mortgage within the principle of *Purdy* v. *Coar* and *Morrill Realty Corp.* v. *Rayon Holding Corp.* (*ubi supra*).

Whether the Statute of Limitations could have been avoided — as the defendant husband claims — only by a written acknowledgment signed by him in accordance with section 59 of the Civil Practice Act is a question we do not reach.

The dissenting opinion calls upon us to take up the record again. In the prior litigation that was decided by Judge CLOSE, the husband was plaintiff and the wife was defendant. As a

witness therein she swore that her husband had reconveyed the mortgaged premises to her because taxes, water rates and other charges against the property were due and unpaid. In respect of that testimony Judge CLOSE made the following findings: " These were not the facts.  *  *  *  Taxes were paid to date, the first mortgage had been reduced and the building was fully occupied. I find  *  *  *  that the plaintiff [the husband] conveyed this property to the defendant [the wife] so that she could manage it for him ". Of course, that finding which has never been disturbed is here binding on us.

Oftentimes a grantee buys land subject to a mortgage and the grantor credits the amount thereof on the purchase price. In that situation, the grantee is estopped to question the validity of the mortgage. But that is not this case. More than that: There is here no finding of any estoppel nor of any fact that would justify such a finding.

The judgment entered upon the order of the Appellate Division should be reversed and the judgment entered upon the decision of Official Referee YOUNG should be affirmed, with costs in this court and in the Appellate Division.

FROESSEL, J. (dissenting). This is an action to foreclose a mortgage on real property. The answer pleads the defense of the Statute of Limitations and by way of counterclaim seeks affirmative relief canceling the mortgage sought to be foreclosed. The Official Referee who heard and determined the matter held that the statute operated as a bar. A unanimous Appellate Division reversed, made additional findings, and granted plaintiff judgment. The facts are virtually undisputed.

Defendant Essa Shohfi and plaintiff are husband and wife. They were married in 1911. On December 29, 1925, she acquired title to the property in suit *in her own name*. On January 23, 1929, she conveyed said property to her husband, taking back a bond and purchase-money second mortgage for $10,000. In prior litigation between the parties this was held to be part of " an equitable exchange ". At the time, the property was also incumbered with a first mortgage of $13,500, reduced by payments to $12,000. The husband paid interest on the purchase-money mortgage to and including July 23, 1933. Instead of paying the principal and the remaining six months' interest,

both of which became due on January 23, 1934, during the depth of the economic depression, he reconveyed the property to his wife, subject to the first mortgage of $12,000 and said purchase-money mortgage of $10,000, the deed providing that the second mortgage was not to merge in the fee. On the basis of those documents, she was a mortgagee in possession.

The wife was undisturbed by the husband in that possession and ownership of both mortgage and fee titles until February 20, 1947, when he instituted an action claiming that he owned *a half interest* in the fee of said property, and thus acknowledged that she owned the other half. For reasons which do not appear in the record before us, the Official Referee in said action, on a theory quite different from that pleaded in the husband's complaint, but which is not reviewable here, and after finding that " both have been in error in their testimony ", directed the wife to convey her *whole* interest to him, " subject to the purchase money mortgage of $10,000.00 ", and to account for the income.

An interlocutory judgment was thereupon entered providing that the husband was entitled to have said premises reconveyed " subject only to the mortgage " now sought to be foreclosed, adding the following language which does *not* appear in the decision: " no adjudication being made as to the *amount,* if any, *due or owing* upon said mortgage " (emphasis supplied). It further directed the wife to deliver a deed to said premises " subject to free and clear [*sic*] of all encumbrances except the said mortgage ", and to account for " the rents, issues and profits ". It should be noted that the wife in the meantime had paid off the first mortgage of $12,000. She thereupon delivered the deed accordingly, " subject to " said $10,000 mortgage. On the subsequent accounting, the Official Referee declined to pass upon the credit sought for interest and amortization on said mortgage upon the ground that no such question was before him, concluding with the significant statement: " Moreover, the judgment entered herein, which expressly stated that *no adjudication* was made as to the *amount due and owing* on this mortgage, directed that the *reconveyance* be *subject to the mortgage* and the *deed* executed pursuant to the judgment *stated* that it is *subject to this mortgage for* $10,000.00." (Emphasis supplied.)

Final judgment was entered accordingly. No appeal was taken by either party from the interlocutory. judgment, and the husband alone appealed *unsuccessfully* from another branch of the final judgment which is not material here (276 App. Div. 869).

Under these circumstances, we are of the opinion that the unanimous determination of the Appellate Division below was correct in this case. As we read both opinions and both the interlocutory and final judgments of Judge Close in the prior action, the *validity*.of the mortgage in question was recognized, and *only* the *amount due or owing* was left open. It is quite apparent that in respect of this property he intended to restore the parties to their 1934 position, before the husband reconveyed to the wife, so that he would have the fee title and she the mortgage, less any amount paid thereon.

The Statute of Limitations affords no presumption of payment; it does not destroy the obligation nor render it illegal or otherwise invalid (*Hulbert* v. *Clark,* 128 N. Y. 295). Nor does it affect the *amount due or owing,* which amount is undisputed here and is the only matter left open in the prior litigation. The statute merely bars the remedy in appropriate situations and is not operative if waived, if the debt be acknowledged, or if defendant's conduct estop him from relying thereon.

In the prior action the husband did not question the validity of this mortgage. The court did not declare it invalid or unenforcible. By accepting the deed, as grantee, subject to the mortgage pursuant to the judgment in *his own* action, the husband, who had personally made this mortgage, acknowledged the unpaid indebtedness, which is all the wife now seeks. As already noted, his failure to appeal to correct the direction that he take subject to the mortgage, if he felt himself aggrieved, must be deemed consent thereto. Consent or acquiescence is not involuntariness. Nothing turns on the circumstance that he acquired title through a judgment rather than by a direct purchase from an individual seller (*Cottle* v. *County of Erie,* 57 App. Div. 443, 448–450, affd. 173 N. Y. 591; *Horton* v. *Davis,* 26 N. Y. 495; *Central Nat. Bank* v. *Hazard,* 30 F. 484).

We have repeatedly asserted and held that a *grantee* may not question the validity of a mortgage to which he *specifically* takes subject in a deed (*Freeman* v. *Auld,* 44 N. Y. 50; *Bennett* v. *Bates,* 94 N. Y. 354; *McConihe* v. *Fales,* 107 N. Y. 404; *Wilson*

v. *Ford,* 209 N. Y. 186, 200; *Matter of Oakes,* 248 N. Y. 280 [see p. 284 for comment on *Bennett* v. *Bates, supra,* and *Purdy* v. *Coar, infra*]; *Purdy* v. *Coar,* 109 N. Y. 448; *Cottle* v. *County of Erie, supra*; *Morrill Realty Corp.* v. *Rayon Holding Corp.,* 254 N. Y. 268, 275 [see pp. 275–276 for comment on *Bennett* v. *Bates* and *Purdy* v. *Coar, supra*]; *Horton* v. *Davis, supra*). Clearly the intention of the wife in making the 1948 transfer to her husband was not to convey the entire interest in the property, but to subject it to the $10,000 mortgage, and any other view would disregard reality. The court so decreed. The husband acquiesced in the judgment and accepted the deed expressly subject to this particular mortgage. No rights of third parties had intervened. Accordingly, the doctrine asserted and applied in the cited cases is clearly applicable here.

Moreover, the principle of estoppel, referred to in the foregoing cases, applies with special force under the facts disclosed by this record, and as found by the trial court and the Appellate Division. As already noted, for thirteen years the husband permitted his wife to remain unmolested in her possession and ownership of both fee and mortgage, and with respect to any accounting. Surely, under these circumstances, and during this period, she could not be expected to go through the idle ceremony of paying interest to herself, or to foreclose a mortgage to obtain a fee title which she already had. In 1947, he acknowledged her ownership, in writing and under oath, to the extent of a one-half interest, did not question this mortgage, and claimed that she was to hold the property " for the benefit of both ". As owner or co-owner, as well as mortgagee, she could agree to waive the interest on her own mortgage, as she alleged in her complaint she did, and as defendant expressly admits in his answer. In the light of the husband's solemn written verified acknowledgment of her co-ownership, and the wife's election as such co-owner and mortgagee to waive the interest, we have what to all intents and purposes is tantamount to payment of at least one half the interest if not the whole, to the date of said acknowledgment, the verification date of his complaint in the prior action, *to wit:* February 20, 1947. This action was commenced December 12, 1949.

After the institution of the 1947 action, and during the trial thereof, defendant reversed his position; for the first time he

claimed *full* ownership and that plaintiff was merely his managing agent. In the meantime the $12,000 mortgage had been paid off, and, by concealing his real position for all these years, he sought to defeat the second mortgage by the Statute of Limitations. He would thus secure return of the property, free and clear of $22,000 of mortgage incumbrances, subject to which he had conveyed to his wife. To allow this claim to prevail would, to say the least, put a premium upon the husband's vacillating and dilatory behavior. Surely the wife could not know that she was his managing agent between 1934 and 1947 when the husband himself did not know or assert it until 1947 or 1948, and indeed claimed the contrary as late as 1947. Under these circumstances a clear case of estoppel was made out.

While the precise situation before us does not seem to have been presented to our court before, and we are not unmindful of the fact that the Statute of Limitations is not open to discretionary change by the courts, the prevailing rule throughout the country and followed in our lower courts permits the doctrine of estoppel to be invoked in appropriate cases, by reason of defendant's conduct, to prevent him from relying on said statute (53 C. J. S., Limitation of Actions, § 25, and cases therein cited; *Clarke* v. *Gilmore,* 149 App. Div. 445; *Dodds* v. *McColgan,* 229 App. Div. 273; *Speciale* v. *Sciascia,* 263 App. Div. 901; *Safrin* v. *Friedman,* 96 N. Y. S. 2d 627, affd. 277 App. Div. 1138; see, also, *Lightfoot* v. *Davis,* 198 N. Y. 261; *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447; *Freeman* v. *Auld, McConihe* v. *Fales, Wilson* v. *Ford, Purdy* v. *Coar, Horton* v. *Davis, Cottle* v. *County of Erie,* cited *supra*). And an estoppel *in pais,* like an estoppel of record, need not be pleaded (*Feinberg* v. *Allen,* 208 N. Y. 215).

The principle of equitable estoppel " prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, the enforcement of which would, through his omissions or commissions, work fraud and injustice " (*Rothschild* v. *Title Guar. & Trust Co.,* 204 N. Y. 458, 464; *Selzer* v. *Baker,* 295 N. Y. 145, 149; 3 Pomeroy on Equity Jurisprudence [5th ed.], p. 180, see, also, §§ 816–821, 965; *Gorowitz* v. *Blumenstein,* 184 Misc. 111. " The plaintiff [defendant here] seeks the aid of equity and must submit to the condition that he do equity himself "; *Grosch* v. *Kessler,* 256 N. Y. 477, 478).

Finally, even if the findings of fact made below with respect to estoppel were inadequate, as appellant contends, we are nevertheless justified, for the purpose of affirming (but not of reversing) the judgment appealed from, to look to the record to see if there is any evidence to sustain plaintiff's case (see *Helgar Corp.* v. *Warner's Features,* 222 N. Y. 449, 455; *Ogden* v. *Alexander,* 140 N. Y. 356), and we find that there is such evidence.

The judgment of the Appellate Division should be affirmed, with costs.

LEWIS, DYE and FULD, JJ., concur with LOUGHRAN, Ch. J.; FROESSEL, J., dissents in opinion in which CONWAY and DESMOND, JJ., concur.

Judgment accordingly.   [See 303 N. Y. 902.]