Nicholas M. Pette, J.
Motion by the defendant Florence Rand for summary judgment and judgment on the pleadings dismissing the complaint herein upon the ground that the two causes of action alleged in the complaint are barred by the six-year Statute of Limitations (Civ. Prac. Act, § 47-a).
The plaintiff in this action seeks to foreclose two mortgages dated November 4, 1926. According to the complaint the principal amount on the bonds and mortgages involved has been past due since November 23, 1932, and the semi-annual interest has not been paid since November 24, 1949. Plaintiff’s bill of particulars, in response to an order therefor dated April 2, 1957, states that all payments were made to a certain estate by the owners of the premises “to on or about April 27, 1928, and thereafter ’ ’ by another corporation which succeeded in acquiring title to the premises. The plaintiff further stated that she “ does not at the time know the date, time and place, when and where the last payment of interest was made, nor who on behalf of defendants made such payment and the name of the person or persons to whom such payment was made, nor the amount of such payment.”
In the affidavit submitted in opposition to this motion no attempt has been made by the plaintiff to establish factually that the statute has been tolled by any payments on account of principal or interest within six years prior to the commencement of this action on January 11, 1955. The claim is made, however, that in the quitclaim deed to the moving defendant, dated February 24, 1955, the property was conveyed to her “ subject to all incumbrances of record including existing mortgages.”
*839 Aside from the fact that the grantor alone, and not the moving defendant, executed that deed, the subject clause recited in the opposing affidavit of plaintiff’s attorney is not complete. The whole subject clause in the quitclaim deed, written in handwriting as distinguished from the typewriting in the rest of it, reads as follows: “ Subject to all incumbrances, including existing mortgages except that the parties do not waive the Statute of Limitations.” Assuming that the moving defendant could be charged with this clause, notwithstanding that her signature is not affixed to the deed in which it is contained, it is obvious that the right to assert the defense of the Statute of Limitations was expressly preserved in the deed conveying the property to her.
In Shohfi v. Shohfi (303 N. Y. 370, 376) the Court of Appeals said: “ The principle that acceptance of a title subject to a mortgage can interrupt or suspend the Statute of Limitations has never been declared by this court to be a hard and fast rule. On the contrary, the principle applies, as we have said, only when ‘ the circumstances of the purchase amount to an admission of the validity and lien of the outstanding incumbrance ’ ”.
In the present case the subject clause can hardly amount to an admission of the validity and lien of the outstanding incumbrances, in view of the clause “ except that the parties do not waive the Statute of Limitations.” (Emphasis supplied.) Accordingly, the acceptance of this deed by the moving defendant may not be deemed an admission by her of the validity and lien of the mortgages sought to be foreclosed.
Since plaintiff has not otherwise presented any facts raising a triable issue with respect to the tolling of the Statute of Limitations by payment of principal and interest within six years prior to the commencement of this action, the court has no alternative but to grant the defendant’s motion for summary judgment dismissing each cause of action on its merits.
In reaching the foregoing conclusion the court has not overlooked the fact that condemnation proceedings were commenced on April 23, 1957, and that under subdivision b of section B15-12.0 of the Administrative Code of the City of New York, the court, in such proceedings, has power to determine during the trial thereof the ownership of the real property involved. No question of title in the premises is involved in this action, and, in any event, the defaults for which the foreclosure was commenced took place many years before the condemnation proceedings were instituted, thereby distinguishing this case from Hill v. Wine (35 App. Div. 520).
*840 While the plaintiff can no longer obtain judgment of foreclosure and sale in this action because of the pendency of the condemnation proceedings, the court can perceive no reason for denying the defendants summary judgment dismissing the complaint because the enforcement of the mortgages has been barred by the Statute of Limitations.
Submit order accordingly.