Jambs S. Bbowu, J.
Defendant moves for judgment and plaintiff cross-moves for an order striking out the answer and granting plaintiff summary judgment pursuant to rule 113 of the Rules of Civil Practice and for the relief demanded in the complaint.
*719 This is an action brought by plaintiff pursuant to section 500 of the Real Property Law to have a mortgage cancelled of record by reason of the provisions of section 47-a of the Civil Practice Act in that said mortgage is outlawed by the Statute of Limitations.
Defendant interposes an answer containing two separate and distinct defenses, the second of which has been stricken out by consent. The first defense states that at the time plaintiff purchased the property upon which defendant has a mortgage, the contract and deed stated that plaintiff took title subject to the mortgage.
Plaintiff became the owner in fee by deed recorded on October 9,1956, and defendant is owner of a mortgage on said property recorded in 1937 and assignment recorded on November 6, 1947 which, by its terms, expired and became due on November 26, 1942. Defendant acquired that mortgage on October 23, 1947; the last payment of interest was made September 1,1947.
As to defendant’s affirmative defense, it does not appear that plaintiff acknowledged the taking of title subject to a specific mortgage but merely executed the contract and deed containing a general “ subject to recorded mortgages ” clause. The mortgage was not described in the document and from a reading of the papers the amount does not appear to have been considered or credited towards the purchase price.
The court, in Matter of Oakes (248 N. Y. 280, 284) stated: “ The rule is well settled that one who accepts a conveyance ‘ subject ’ to a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the claim (Schwartz v. Cahill, 220 N. Y. 174, 178). He does not even estop himself from asserting that the lien or claim is without validity, unless the form of the conveyance is such that submission and recognition are impliedly exacted. Thus, a transfer subject to a described mortgage may preclude a grantee from contesting the existence of the mortgage lien (Bennett v. Bates, 94 N. Y. 354, 371). On the other hand, a transfer subject to ‘any and all liens and incumbrances thereon,’ without other definition, will leave the privilege of contest open (Purdy v. Coar, 109 N. Y. 448, 453).”
Section 59 of the Civil Practice Act provides the sole and only method whereby a case can be removed from the effect of the Statute of Limitations. It requires a special and distinct acknowledgment or promise in writing, signed by the party to be charged thereby, acknowledging the barred indebtedness and promising to pay it. _ ,
*720 The court cannot spell out such acknowledgment and promise from the mere statement in the deed and contract that title would be taken subject to mortgages of record without specifically mentioning the mortgage involved in this action and unconditionally promising to pay it. Such a conveyance cannot have the effect of assuming or reviving a mortgage on real property already outlawed by the Statute of Limitations (Civ. Prac. Act, § 47-a).
In Shohfi v. Shohfi (303 N. Y. 370, 376) the court stated: “ The principle that acceptance of a title subject to a mortgage can interrupt or suspend the Statute of Limitations has never been declared by this court to be a hard and fast rule. On the contrary, the principle applies, as we have said, only when ‘ the circumstances of the purchase amount to an admission of the validity and lien of the outstanding incumbrance’ (Purdy v. Coar, 109 N. Y. 448, 453; Morrill Realty Corp. v. Rayon Holding Corp., 254 N. Y. 268, 275)."
Defendant contends that the former owner of the premises obtained a fire insurance policy which named defendant as first mortgagee and had loss, if any, payable to the said first mortgagee. Defendant further claims that said fire insurance policy is sufficient to “ toll ” the Statute of Limitations. This contention is untenable. In Carlos Land Co. v. Root (282 App. Div. 349, 352) the Appellate Division stated as follows: “ We do not think that a fire insurance policy issued to the mortgagor with a standard mortgagee clause may be deemed to be collateral security for the debt, evidenced by the bond and mortgage, so as to constitute part payment of the debt. * * * The issuance of the fire policy in this case was not a part payment of the debt ‘ accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. ’ (Crow v. Gleason, 141 N. Y. 489, 493, cited in Trans America Development Corp. v. Leon, 279 App. Div. 189.)”
No factual issue exists in this case and in view of the construction herein to the effect that the statute has not been extended as urged by defendant, there appears to be no defense to this action. It is evident from a reading of all the pleadings that the Statute of Limitations bars any claim on the alleged mortgage. Under the circumstances, defendant’s motion for judgment is denied and plaintiff’s cross motion for an order striking out the answer and for summary judgment pursuant to rule 113 of the Rules of Civil Practice is granted.
Settle order on notice.