In the Matter of RAYMOND SERVICE, INC., Bankrupt.
No. B–56099.

United States District Court
E. D. New York.
Oct. 22, 1963.

See also D.C., 184 F.Supp. 200.

**14**

Herman J. Zawin, New York City, for petitioner Helen Fishman.

Alfred A. Rosenberg, for Trustee.

BRUCHHAUSEN, District Judge.

Mrs. Helen Fishman petitions for review of an order of Hon. Sherman D. Warner, Referee in Bankruptcy, dated August 6, 1963, declaring a chattel mortgage null and void as against the trustee.

In the proceeding before the Referee, the trustee in bankruptcy contended that the chattel mortgage was null and void as against the trustee in that the delay between the dates of delivery of the mortgage and its filing in the record office was unreasonable and therefore not within the time, contemplated by the statute. After full hearing, the Referee ruled that the chattel mortgage was invalid as to the trustee upon the ground that it was not filed in the proper record office and further that there was an unreasonable delay in the filing thereof.

Upon the argument, and in his brief, the trustee relied solely upon the second ground to sustain his position.

The issue is whether the mortgage was delivered on May 13, 1959, the date of its filing or several weeks prior thereto.

On April 23, 1959, the petitioner, Mrs. Fishman, claims that she loaned to Raymond Service, Inc., since adjudicated a bankrupt, the sum of $20,000. An agreement was entered into between Mrs. Fishman and the said corporation, dated April 29, 1959. It recites the making of the loan and that it was evidenced by a promissory note. The corporation thereby assigned to Mrs. Fishman its accounts receivable as security for the loan. No reference to a chattel mortgage is made in the agreement.

At the hearing before the Referee, the chattel mortgage was produced by the trustee and marked in evidence. It was initialled by both parties. It was dated April 27, 1959, signed by the mortgagee, acknowledged on April 29, 1959 and filed in the Queens County Register's Office on May 13, 1959.

██ Mrs. Fishman was an interested witness. If she could establish that the mortgage was not delivered until its filing date, May 13, 1959, it would be valid as against the creditors, represented by the trustee. She testified that on the said date the mortgagor's representative handed her the Register's receipt for the filing, not the mortgage itself. Even if true, this would not constitute delivery. Her contention that she never saw the mortgage contradicts her admission on cross-examination that she placed her initials in the left-hand margin of the first page of the document. The instrument likewise contains the initials of the mortgagor's representative. It was the province of the trier of the facts, the Referee, to appraise the credibility of the witness in adjudicating the issue. In accordance with General Order 47 his findings must be accepted unless they are erroneous or the result of plain mistake; In re Slocum, 22 F.2d 282, Cir. 2. Under all of the circumstances, the Referee would have justification in concluding that the mortgage was delivered on April 27, 1959, the date thereof, which was sixteen days prior to the recording date.

██ It is settled law that in the absence of proof showing non-delivery of a document there is a presumption that the same was delivered on the day it bore

date. Robinson v. Wheeler, 25 N.Y. 252; Purdy v. Coar, 109 N.Y. 448, 17 N.E. 352.

In Constance v. Harvey, 2 Cir., 215 F. 2d 571, cert. denied 348 U.S. 913, 75 S. Ct. 294, 99 L.Ed. 716 the Court at 215 F.2d page 573, said:

"The New York Lien Law makes chattel mortgages which have not been filed as provided therein void as against creditors of the mortgagor and subsequent good faith purchasers and mortgagees for value, but specifies no time for filing, §§ 230, 232. The New York Courts hold that filing must be within a reasonable time after execution of the instrument. Tooker v. Siegel-Cooper Co., 1909, 194 N.Y. 442, 87 N.E. 773."

The findings and order of the Referee are confirmed. Settle order on notice.