■ In the Matter of Pamelia B. Wright, as Administratrix of the Estate of James C. Bronner, Deceased, Appellant-Respondent, v. State of New York et al., Respondents-Appellants, and Mack Trucks, Inc., et al., Respondents.— Cross appeals from an order of the Supreme Court at Special Term, entered November 16, 1970 in Albany County, upon a decision in a proceeding for dis-

tribution of the award in an appropriation case. The New York Milk Shed Transportation Co., Inc., conveyed a parcel of real property located in the City of Utica to James C. Bronner, petitioner's decedent, by deed dated and acknowledged on August 1, 1955. It was not recorded, however, until August 4, 1964. The land was appropriated by the State of New York in 1966, and on March 30, 1967 petitioner's decedent and the State executed an agreement for an advance payment of 75% of the amount determined by the Superintendent of Public Works to be the value of the claim. No interest was to be granted in the ultimate award on the amount of the partial payment. Certain releases, which were to be provided by petitioner's decedent, were not obtained and the advance payment was not made. The trial of the claim was followed by a decision in favor of petitioner's decedent in the amount of $97,500, plus interest in the amount of $18,590, for a total of $116,090. However, since judgments and liens were recorded against New York Milk Shed Transportation Co., Inc., by the State Tax Commission, the Industrial Commissioner, the Commissioner of the State Insurance Fund, Mack Trucks, Inc., and Firestone Tire & Rubber Co., Inc., between August 1, 1955 and August 4, 1964, the Court of Claims, pursuant to section 22 of the Court of Claims Act, ordered the Comptroller to deposit the amount of the award in a special account pending an order determining distribution. A certificate of no appeal was filed by the State and the Comptroller deposited $112,382.11 in a special account. James C. Bronner died prior to the entry of judgment and petitioner, as administratrix of the estate, instituted this proceeding pursuant to section 23 of the Court of Claims Act for distribution of the award. The court below determined that no facts were shown which presented a triable issue of fact and ordered the State to deposit the sum of $3,707.89, the difference between the amount of the judgment entered and the amount already deposited by the Comptroller. It is further ordered that the judgments and warrants in favor of the State Tax Commission, the Industrial Commissioner and the Commissioner of the State Insurance Fund be satisfied prior to distribution of the award to petitioner (neither Mack Trucks, Inc., nor Firestone Tire & Rubber Co., Inc., had appeared). Petitioner has appealed from so much of the order which makes an award to the three State agencies and the State and its agencies have cross-appealed from that portion of the order directing the deposit of $3,707.89. There is no dispute that an unrecorded conveyance is superior to the claims of subsequent judgment creditors of the grantor (see *Savings & Loan Assn. of Kingston* v. *Berberich*, 24 A D 2d 187; see, also, Real Property Law, §§ 290, 291). The issue is therefore the date the conveyance by the New York Milk Shed Transportation Co., Inc., to petitioner's decedent was completed by delivery of the deed. Petitioner contends that the deed was delivered on its date, August 1, 1955, whereas respondents-appellants contend that delivery was not made until August 4, 1964, the date the deed was recorded. In support of its contention, petitioner relies on the presumption that delivery was made upon the date the deed was signed, which was also the date of acknowledgment, and the prior testimony of petitioner's decedent given in the proceeding before the Court of Claims. The State relies on the fact that recording was not made until 1964 and the alleged retention of possession of the property by the grantor after August 1, 1955. Petitioner answers that the New York Milk Shed Transportation Co., Inc., remained in possession as a tenant. It is well settled that, in the absence of proof to the contrary, a deed is presumed to be delivered on the date it was signed (*Purdy* v. *Coar*, 109 N. Y. 448; *Robinson* v. *Wheeler*, 25 N. Y. 252, 260; *Ford* v. *Gale*, 155 App. Div. 675; *Matter of Schumacher*, 8 Misc 2d 349; 15 N. Y. Jur., Deeds, § 40; 1A Warren's Weed New York Real Property, Deeds, § 2.03). There is no presumption that a deed is not delivered

until it is recorded; rather, if delivery at the time of execution is negated, then a presumption of delivery at the time of recording arises (*Robinson* v. *Wheeler, supra; Ford* v. *Gale, supra; Matter of Schumacher, supra*; 1A Warren's Weed New York Real Property, Deeds, § 2.03). The question in the instant case, therefore, is whether the presumption that the deed was delivered on its date, buttressed by petitioner's proof, was overcome by proof to the contrary. This question should have been determined by the court below. The State, in its cross appeal, contends that the $3,707.89 represents interest on that portion of the award petitioner's decedent would have received under the partial payment agreement and that since petitioner's decedent failed to obtain the specified releases, the State was correct in suspending such interest. This contention cannot be sustained. The State permitted the entry of judgment in an amount which included the unpaid advance and filed a notice of no appeal from such judgment. It should not now be heard to complain (*Montecalvo* v. *Levitt*, 28 A D 2d 798). Further, the agreement provided for no interest to be allowed in the award " on the amount of such partial payment ". We can only conclude that interest was to be suspended on an actual advance partial payment; both the language of the agreement and the equities of the situation so dictate. The State also argues that the court below had no jurisdiction to compel a deposit of funds; that it only had the jurisdiction to distribute those funds which were already deposited. Since jurisdiction over the parties was present, this contention is without merit (CPLR 103, subds. [b], [c]; CPLR 3017, subd. [a]; Court of Claims Act, § 23; see, also, *Matter of Phalen* v. *Theatrical Protective Union No. 1*, 22 N Y 2d 34). Order modified, on the law and the facts, by deleting therefrom the second, third and fourth decretal paragraphs, and proceeding remitted to Special Term for further proceedings not inconsistent herewith; and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.